(Opinion published 52 N. W. Rep. 224.)

---

CAROLINE HOLINGREN *vs.* AUGUST PIETE *et al.*

Argued May 3, 1892. Decided May 23, 1892.

**Cancellation of Vendor's Contract.**

> Case deemed to show an abandonment by the defendants of a contract for the purchase of land, so that the vendor is entitled to have it canceled.

Appeal by defendants, August Piete and Elsas Piete, his wife, from an order of the District Court of St. Louis county, *Stearns, J.,* made September 21, 1891, refusing a new trial.

On September 28, 1882, the plaintiff, Caroline Holingren, and John Holingren, her husband, entered into a contract with the two defendants, whereby plaintiff and her husband sold and agreed to convey to the two defendants the south half of the southeast quarter of Section thirty (30) in Township forty-nine (49) north of Range fifteen (15) west, in St. Louis county, for $300. Defendants paid down $250, and were to pay the remaining $50 in two equal annual installments of $25 each, with interest, and were then to have a deed. The contract was signed and sealed by the four persons named in it, and was witnessed, acknowledged, and recorded. Defendants cleared a few acres, and built a log house and barn, and resided on the land. They cut off most of the timber, but never paid either install-

ment of $25 or any taxes; and in the year 1883 they abandoned it, going to Cocado, Minn., and then to Garfield, Minn., and in 1890 to Fairhaven, Wash. John Holingren died February 4, 1883, and plaintiff in a year or two thereafter demanded payment of the balance due on the contract; defendants promised to pay it as soon as they could; but it was never paid. In July, 1888, plaintiff applied to the Probate Court of St. Louis county for letters of administration. They were issued to her, and on January 15, 1890, that court, by final decree of distribution, assigned this real estate to the plaintiff. This land, in 1882, was worth only $300, but in 1890 its market value was $4,000, a village having sprung up beside it.

Plaintiff commenced this action in December, 1889, to cancel the contract, and remove the cloud made by the record of it, and to confirm her title. The defendants, before answering, offered to pay the $50 and interest and all taxes, and then by their answer asked specific performance of the contract. The trial took place December 17, 1890. The court made findings of fact and ordered judgment for plaintiff as prayed. Defendants moved for a new trial, and, being denied, appealed.

*S. D. Allen* and *W. C. McAdam*, for appellants.

The time of payment having been waived by plaintiff after both payments were due, she could not put defendants in default until she was able to convey. This ability was not earlier than January, 1890, a month after the suit was brought, when the decree of the Probate Court was made, adjudging that John Holingren's debts had been paid, and that Caroline Holingren was entitled to the residue of his estate. Even then, she ought to have given defendants a chance to make payment. They could not be in default until after their neglect to avail themselves of this opportunity. *Quinn* v. *Olson*, 34 Minn. 422; 1 Pom. Cont. §§ 395, 396.

Specific performance of this contract will do justice to both the parties. Interest fully compensates plaintiff. She has not lost the increase in the value of the land. It was never hers. In equity defendants are owners; plaintiff has only a lien for unpaid purchase money. *Siter's Appeal*, 26 Pa. St. 178.

*Cash & Williams,* for respondent.

Defendants' claim must be subjected to the tests usually applied by courts of equity in determining suits instituted to compel the specific performance of contracts. This court will inquire whether there was an abuse of a sound and reasonable discretion in refusing the relief demanded by the defendants, and will not reweigh the equities to be credited to either party. *McDermid* v. *McGregor,* 21 Minn. 111; *Simpson* v. *Atkinson,* 39 Minn. 238.

To entitle a vendee seeking specific performance of a contract to the relief demanded, he must show that he has always treated the contract as alive, and in force, and that he has been diligent, ready, and eager to carry it out in good faith on his part. If he has been guilty of any apparent laches he must satisfactorily excuse it to the court. And where there has been an unreasonable delay, it must appear that the circumstances have not changed, and that the property has not materially increased in value in the mean time. 3 Pom. Eq. Jur. § 1408; *Eastman* v. *Plumer,* 46 N. H. 464; *McDermid* v. *McGregor,* 21 Minn. 111; *Simpson* v. *Atkinson,* 39 Minn. 238; *Lovejoy* v. *Stewart,* 23 Minn. 94.

Courts will not permit the parties to lie by, to see whether the contract proves a gaining or a losing bargain, and according to the event to either abandon it, or, considering the lapse of time as nothing, claim a specific performance. *Merritt* v. *Brown,* 19 N. J. Eq. 286; *Rogers* v. *Saunders,* 16 Me. 92; *Alley* v. *Deschamps,* 13 Ves. 224.

DICKINSON, J. The plaintiff is the widow and the sole heir at law of John Holingren, who died intestate in February, 1883. She prosecutes this action to secure the cancellation of a contract entered into in the year 1882 between John Holingren and the defendants for the sale by the former to the latter of certain land in the county of St. Louis. The plaintiff seeks this relief on the ground of the defendants' default in the performance of the conditions of the contract. After the action was commenced, and in March, 1890, the defendants tendered payment of the unpaid balance of the purchase money, (which by the terms of the contract was payable partly in

May, 1883, and the remainder in May, 1884,) and interposed an answer in this action asking a decree for a specific performance. Upon the facts found by the court it was considered that the plaintiff was entitled to have the contract canceled. This was, in effect, a determination also that the defendants were not entitled to a decree of specific performance. This appeal is from an order refusing a new trial.

We discover no error in the findings or conclusion of the court. The contract should be canceled if defendants had so far forfeited their rights under it that they could not enforce its specific performance; and so the question is presented whether the defendants were entitled to a decree for a specific performance. The case shows enough to justify the conclusion that the defendants many years ago abandoned and intended to relinquish the rights which they acquired under the contract; that they not only wholly neglected for many years to perform the contract on their part, but that they did not intend, after they abandoned the land in 1883, ever to perform it; that their change of purpose and their present willingness to perform are attributable solely to the fact that the property has greatly increased in value, so that it is now worth more than twelve times the sum agreed to be paid for it. In such a case a court of equity may well refuse to enforce the contract. *McDermid* v. *McGregor*, 21 Minn. 111; *Eastman* v. *Plumer*, 46 N. H. 464. Such an abandonment of the contract by one party without the consent of the other amounts to more than a mere failure to perform the obligations of the contract. It includes an element of bad faith, an intentional disregard of the obligations created by the contract, hard to excuse before a court of equity, and which, if established, will constitute a sufficient reason for a refusal to grant relief from the default.

The facts of the death of Holingren, and that probate proceedings were not instituted until 1888, are not conclusive in favor of the defendants. The evidence tended to show that the defendants went off the land prior to the death of Holingren, and that they then intended to relinquish their rights under the contract; that they never resumed possession or asserted their rights as purchasers, nor paid any taxes, although the contract expressly obligated them to pay

the taxes; and it does not appear that their neglect to pay the remainder of the purchase money was because of any doubt as to who was entitled to receive it. They left that part of the state where the land is situated many years ago, and at length removed to Washington Territory. They seem to have wholly disregarded their contract obligation; and the plaintiff, as the evidence tended to show, was unable to learn of their whereabouts, although she attempted to do so.

After the first payment became due the plaintiff recognized the contract as still in force, but that does not necessarily debar her from the relief sought. Indulgence as to the payment then due did not excuse the defendants' neglect to make payment of the sum subsequently maturing, or their neglect to pay the taxes. While it is true that, after having extended indefinitely the time for payment, she could not, without first giving notice and opportunity to make that payment, have terminated the contract rights of the defendants merely by her own act or declaration of forfeiture, it does not follow that she is not entitled to have the contract *judicially* annulled by reason of the defendants' gross *laches*, or the abandonment of their rights under it. The case justified the decision of the trial court.

The rulings of the court as to the reception of evidence do not present any question which seems to us to be so doubtful as to require particular mention.

Order affirmed.

(Opinion published 52 N. W. Rep. 266.)