## MINERAL LAND INVESTMENT COMPANY v. BISHOP IRON COMPANY.[1]

November 17, 1916.

Nos. 19,918—(51).

**Mine and mineral — option for lease not forfeited.**

1. Upon the record it is *held* that a 50 year option for a 30 year mining lease, given for a valuable consideration, the optionee not expressly undertaking to explore within a particular time and no such undertaking being properly implied, was not abandoned; and that there was no forfeiture because of the failure of the optionee to explore and take a lease.

**Same — rule against perpetuities not violated.**

2. Such option did not suspend the absolute power of alienation and did not violate the rule against perpetuities.

**Same — not contrary to public policy.**

3. Nor was such option contrary to public policy as an unreasonable restriction upon the use and enjoyment and alienation of property.

**Same — right of action not barred.**

4. The optionee is not barred by G. S. 1913, § 7696 (R. L. 1905, § 4073), from asserting a right under the option because not in possession within 15 years.

[1] Reported in 159 N. W. 966.

Action in the district court for Lake county to determine adverse claims to undivided interests in certain vacant and unoccupied mining land. The case was tried before Cant, J., who made findings and ordered judgment in favor of defendant iron company. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*John B. Arnold, Jaques & Hudson,* and *Arnold & Arnold,* for appellant.
*Crassweller, Crassweller & Blu,* for respondent.

DIBELL, C.

Action to determine adverse claims. There were findings and judgment for the defendant. The plaintiff appeals from the judgment.

1. On December 22, 1886, Fred F. Huntress and Samuel C. Brown entered into a contract with Robert Spencer, whereby they agreed to convey to him an undivided 13/30 of certain lands and an undivided 12/25 of certain other lands, all in town 63, ranges 10 and 11, in Lake county, and gave him for 50 years the exclusive right and option for a mining lease upon 12/30 of the first mentioned lands and upon 12/25 of those last mentioned. The agreement gave Spencer the right to enter and explore for minerals and to use such timber as was necessary for purposes of exploration. It contained no provision requiring him to do so. If a lease was taken the lessee was to have the merchantable timber at one dollar per thousand and other timber free of cost. Spencer agreed to sell Huntress and Brown all the merchantable timber upon the undivided interest conveyed to him at any time within 90 days after the issuance of patents at 25 cents per thousand. If a deposit of merchantable ore of not less than 10,000 tons was discovered, Spencer agreed that he would exercise his option to take a lease within 90 days after a railroad furnished with convenient facilities for the transportation of ore was constructed within one mile of the property on which the deposit was found; and, he failing to exercise the option, Huntress and Brown had the right to a lease upon like terms upon his fractional fee interest. The money consideration was $17,000. The provisions recited are sufficient for an understanding of the general nature of the agreement.

Afterwards a deed was executed, pursuant to the agreement, and the defendant Bishop Iron Company now has title to the undivided interests

which it conveyed; and it has acquired by assignment the option for a lease. The plaintiff Mineral Investment Company has acquired the Huntress and Brown interest through mortgage foreclosure. The Bishop Company has not explored the lands and has no present intention of exploring or taking a lease. There is no railroad within one mile of any of the lands.

The plaintiff claims that the defendant has abandoned its option, and further that, because of its failure to enter and explore, it has forfeited its rights under it. The general findings for the defendant necessarily include a negative finding upon the issues of abandonment and forfeiture presented by the evidence.

An unperfected equitable title may be lost by abandonment. Mathwig v. Ostrand, 132 Minn. 346, 157 N. W. 589; Smith v. Glover, 50 Minn. 58, 52 N. W. 210, 912; Holingren v. Piete, 50 Minn. 27, 52 N. W. 266. So an easement may be, though originating in grant. Norton v. Duluth Transfer Ry. Co. 129 Minn. 126, 151 N. W. 907. A legal title cannot be lost by abandonment. Purcell v. Thornton, 128 Minn. 255, 150 N. W. 899; Krueger v. Market, 124 Minn. 393, 145 N. W. 30. An abandonment involves an intent to give up the right or estate abandoned. Smith v. Glover, 50 Minn. 58, 52 N. W. 210, 912; Rowe v. City of Minneapolis, 49 Minn. 148, 51 N. W. 907. The usual option does not give a legal or equitable title. It gives a legal right the exercise of which may result in the transfer of title.

It has been held that agreements, or options or leases, expressly or impliedly requiring work and exploration, may be abandoned, or that they may be forfeited for a failure to make the contemplated explorations. The following cases are typical: Stage v. Boyer, 183 Pa. St. 560, 38 Atl. 1035; Aye v. Philadelphia Co. 193 Pa. St. 451, 44 Atl. 555, 74 Am. St. 696; Tennessee Oil, Gas & Mineral Co. v. Brown, 131 Fed. 696, 65 C. C. A. 524; Genet v. Delaware & H. Canal Co. 136 N. Y. 593, 32 N. E. 1078, 19 L.R.A. 127; Eastern Kentucky M. & T. Co. v. Swann-Day Lumber Co. 148 Ky. 82, 146 S. W. 438, 46 L.R.A.(N.S.) 672; Hawkins v. Pepper, 117 N. C. 407, 23 S. E. 434; Negaunee Iron Co. v. Iron Cliffs Co. 134 Mich. 264, 96 N. W. 468; Florence Oil & Refining Co. v. Orman, 19 Colo. App. 79, 73 Pac. 628; Shenandoah L. & A. Coal Co. v. Hise, 92 Va. 238, 23 S. E. 303. Many of the cases involve contracts executed

without actual consideration. The case presented is not such a case. There was no express agreement to explore. None should be implied. The land was in a new country. Patents had not yet issued. It was remote and unexplored. There was possible mineral value in it. Development was difficult. There were no transportation facilities. The parties anticipated a possible long wait. The option was made in view of it. They did not stipulate for immediate exploration. The option was not a naked one. It was received in return for a valuable and substantial consideration. The whole transaction involved a money consideration of $17,000. By the contract the optionee got an undivided fee interest, and gave to his grantor the right to take the merchantable timber upon it at what appears a nominal price. As an integral part of the agreement he got the right to take a lease on all or substantially all of the remainder of the fee. He did not buy a mere option, but bought an undivided fee interest, and in connection with it an option for a lease upon other fee interests. There was no intent to abandon. In the absence of an express or implied engagement for exploration and development, and in view of the terms of the option and the situation of the parties, a failure to enter and explore did not forfeit the agreement. We are not concerned with the question whether a naked option, or one given for value under circumstances like the one before us and as a part of the grant of a fee interest, may be lost by abandonment, or may be forfeited, before the time for exercising rights under it expires. It is enough to say that there was no abandonment or forfeiture.

2. The plaintiff claims that the option agreement suspends the power of alienation and violates the rule against perpetuities. The common law as to perpetuities is superseded by statute. Buck v. Walker, 115 Minn. 239, 132 N. W. 205, Ann. Cas. 1912D, 882. And see 1 Reeves, Real Prop. § 958; 1 Tiffany, Real Prop. § 160; Gray, Perp. §§ 747-751; 22 Am. & Eng. Enc. (2d ed.) 703-704, 715; 30 Cyc. 1466, 1501, 1519. The statute does not in this connection use the word "perpetuity," but it is conveniently enough employed to indicate a forbidden suspension of the power of alienation. The statute forbids the suspension of the absolute power of alienation for a longer period than the continuance of two lives in being at the creation of the estate, except in a case of the limitation of a contingent remainder not important here; and the power of alienation is

suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. G. S. 1913, §§ 6664-6665 (R. L. 1905, §§ 3203-3204). A suspension of the power of alienation, for whatever period, not measured by two lives in being at the creation of the estate, is void. Rong v. Haller, 109 Minn. 191, 123 N. W. 471, 806, 26 L.R.A.(N.S.) 825; Buck v. Walker, 115 Minn. 239, 132 N. W. 205, Ann. Cas. 1912D, 882; Simpson v. Cook, 24 Minn. 180; In re Tower's Estate, 49 Minn. 371, 52 N. W. 27. The power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. These are the statutory tests. Applying them, we find no prohibited suspension of the power of alienation. There were always persons in being who could convey an absolute fee in possession. Buck v. Walker, 115 Minn. 239, 132 N. W. 205, Ann. Cas. 1912D, 882; Rong v. Haller, 109 Minn. 191, 123 N. W. 471, 806, 26 L.R.A.(N.S.) 825. The defendant could transfer or release its right, the plaintiff could convey its title, or the two could join. If the contract constitutes an unlawful suspension of the power of alienation, any option for the purchase of city property or farm lands or for a mining lease, be the time for its exercise ten days or longer or shorter, or any period not measured by two lives in being, suspends the power of alienation. Of course such an option does not, nor does the one involved in this litigation.

3. It is a further contention of the plaintiff that the option is in contravention of public policy as an unreasonable restriction on the use and enjoyment and alienation of property and is therefore void. A like claim was made and received full consideration in Buck v. Walker, 115 Minn. 239, 132 N. W. 205, Ann. Cas. 1912D, 882. In that case there was an exception of minerals from a grant and a reservation to the grantor of a perpetual right to enter and explore and mine. Speaking of the claim advanced Chief Justice Start said:

"Nor are the exceptions and reservations contrary to public policy, which requires that freedom of contract shall remain inviolate, except only in cases which contravene public right or the public welfare. Primarily it is the prerogative of the legislature to declare what contracts and acts are contrary to public policy and forbid them; hence public policy is what a statute enacts. Courts cannot declare contracts or acts

authorized by statute to be contrary to public policy; but in the absence of a statute they may declare void, as against public policy, contracts which are clearly injurious to the interests of the public. * * *

"Contracts excepting ores and minerals from grants of land with a reservation of the right to enter upon the portion thereof granted are in accordance with long-established usage and have been invariably held by the courts to be valid; hence they are not contrary to, but in harmony with, public policy."

We do not fail to note the differences between the right there involved and that here involved nor do we overlook the resemblances. The situations are so similar, and the rights so far as any public policy is concerned are so alike, that the language quoted is pertinent and we hold it applicable. What was said in paragraph 1, when speaking of abandonment and forfeiture, relative to the character of the option agreement, the nature of the property included in it, and the situation of the parties when the option was given, is relevant upon the claim that it offends public policy. We hold that it does not.

4. The last claim of the plaintiff is that the 15-year statute of limitations bars the assertion by the defendant of any right under the agreement. The statute referred to is G. S. 1913, § 7696 (R. L. 1905, § 4073). It provides that no action for the recovery of real estate or its possession shall be maintained, unless it appears that the plaintiff or his predecessor was seized within 15 years before the beginning of the action. The land is vacant. Neither the plaintiff nor the defendant has been in actual possession within 15 years. Each has such constructive possession of its undivided part as comes from seisin. It is actual possession of one party for the requisite period that under the statute bars a recovery by another; it is not the nonoccupancy of the other. See Norton v. Frederick, 107 Minn. 36, 119 N. W. 492. The statute is in effect an adverse possession statute and is without application and perhaps so for reasons additional to those mentioned. If the option is valid, the optionee has the same rights under it after the 15 years that it had during that period. We are not concerned with an inquiry into the effect of possession between cotenants nor the effect of possession of the surface upon the separate ownership of minerals underneath or of rights therein.

Judgment affirmed.