## C. H. REYNOLDS v. PIKE-HORNING GRANITE COMPANY AND ANOTHER.[1]

May 13, 1921.

No. 22,183.

**Specific performance — undeveloped stone quarry.**

    1. The defendant leased to the plaintiff for 10 years a large tract of
land in which there was a partially developed stone quarry, and agreed
to convey to him one-half of the land at the expiration of the lease, it
being then in force. The plaintiff did not agree to develop a quarry and
expressly exempted himself from liability for a failure to do so. The
parties contemplated, as a vital part of the consideration for a grant
of one-half the lands, that the plaintiff would develop or make a genuine
effort to develop a quarry, and such development or effort to develop

[1] Reported in 182 N. W. 906.

was an implied condition of the agreement to convey. There was no such development or effort to develop, and the court rightly denied specific performance.

**New trial denied.**

2. The court did not err in denying a new trial upon the ground of accident or surprise.

Action in the district court for Kanabec county for specific performance of a contract. The answer of Pike-Horning Granite Company alleged that the contract of September 9, 1908, was null and void, for the reason that there was no mutuality of agreement expressed therein and that there was a total absence of consideration running to it. The case was tried before Searles, J., who made findings that defendants were entitled to judgment dismissing the action. From an order denying his motion to amend the findings and conclusions of law or for a new trial, plaintiff appealed. Affirmed.

*McDowell & Fosseen* and *George L. Spangler,* for appellant.

*George H. Hammond* and *Ferris M. White,* for respondents.

DIBELL, J.

Action for the specific performance of an agreement to convey an undivided one-half of certain lands. There were findings for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. The agreement which it is sought to enforce specifically is contained in a lease dated September 9, 1908, made by the defendant to the plaintiff, covering by government description 200 acres of land in Kanabec county. Upon this land was a partially developed granite quarry of small extent. The lease ran for 10 years and included buildings and machinery which had been used by the defendant in working the quarry. The plaintiff was given the right to use the timber on the land in the conduct of the quarry. He agreed to pay one dollar per year rental for the first five years, but was to pay no royalty. After the first five years he was to pay, in addition to the one dollar annual rental, a stipulated royalty per cubic foot upon the granite of a stated quality quarried and shipped, and for granite not of the stated quality no royalty was to be paid. He paid the annual rental for the first five years

and tendered the rental for the second period of five years and it was refused.

The plaintiff took possession. He operated the quarry after a fashion for a total of 10 months in two different periods. Work ceased about September, 1912. The quarry pit was not substantially enlarged by the work done. Some granite was removed. Since work stopped the buildings and machinery have deteriorated. The land was worth $40,000 when the lease was made.

The lease provided "that upon the termination of said term of ten years hereby granted, providing this lease shall then be in force, the party of the first part [defendant] will upon the demand of the party of the second part [plaintiff], his heirs or assigns, without further consideration, convey to said party of the second part, his heirs or assigns, an undivided one-half of all of the personal property and real estate hereinbefore described, * * *; or, if the party of the second part, his heirs or assigns shall then demand, the party of the first part, its successors or assigns, will convey the entire property * * * to the party of the second part, his heirs or assigns, for the sum of $40,000 free and clear of all encumbrance."

It was agreed that "this lease is made for the purpose of enabling the party of the second part [plaintiff] to develop and operate a granite quarry upon said leased premises and that it is to the advantage of both parties that such quarry should be developed; but that the party of the second part does not bind himself to create a paying quarry upon said leased premises or to take out therefrom at any time during the continuance of this lease, any specified amount of granite; nor shall the party of the second part, his representatives or assigns be liable for failure from whatever cause to create and operate a successful quarry on said land."

The so-called annual rental was nominal. The stipulated royalty might never accrue, for the plaintiff did not agree to take out royalty bearing granite. He expressly exempted himself from liability for a failure to develop a quarry. What the parties had in mind, as a vital part of the consideration of the agreement to convey without further consideration one-half of the land, was the development of a working quarry, or at the least a genuine and good faith effort to develop such

a quarry. At the end of the 10-year period the quarry had not been developed; altogether but a few months work had been done, none at all for six years, and there had not been an effort to develop meeting the requirement stated. Such development, or effort to develop, was an implied condition of the right to have, without further consideration, a deed of one-half of the land.

The contract is an unusual one and a parallel case is not found. The following illustrate a kindred principle: People's Gas Co. v. Dean, 193 Fed. 938, 113 C. C. A. 566; Eastern Ky. Mineral & Timber Co. v. Swan-Day Lumber Co. 148 Ky. 82, 46 L.R.A.(N.S.) 672; Florence Oil & Refining Co. v. Orman, 19 Colo. App. 79, 73 Pac. 628; Hawkins v. Pepper, 117 N. C. 407, 23 S. E. 434; Shenandoah Land & Anthracite Coal Co. v. Hise, 92 Va. 238, 23 S. E. 303. In Mineral Land Inv. Co. v. Bishop Iron Co. 134 Minn. 412, 159 N. W. 966, L.R.A. 1917D, 900, an implied condition was negatived. The plaintiff is not entitled to specific performance.

2. We find nothing of merit in the plaintiff's claim of accident or surprise entitling him to a new trial. There was a prior contract dated March 21, 1908. The defendant pleaded it in its answer. The plaintiff claims that the defendant failed to perform, that damages accrued to him, and that his giving up the right to recover such damages and enering into the September contract furnished an adequate consideration for the defendant's agreement to convey.

The trial court did not err. At the trial both parties somewhat departed from the claims in their pleadings, but neither was misled by the claims of the others. Whatever the merits of the controversy over the March contract, the September contract contemplated as a condition to a grant of one-half of the land the development of or a genuine effort to develop a quarry, and the outstanding fact is the absence of both.

Order affirmed.