WINDIATE *v.* LORMAN.

1. PERPETUITIES—COMMON-LAW RULE SUPERSEDED BY STATUTE.
  The common-law rule against perpetuities has been superseded in Michigan by statute (3 Comp. Laws 1915, §§ 11532, 11533).

2. SAME—WHEN POWER OF ALIENATION SUSPENDED.
  Under the statute against perpetuities, power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed.

Perpetuities, 30 Cyc. p. 1519; L. R. A. 1917D, 904; 21 R. C. L. 303; 3 R. C. L. Supp. 1147; 5 R. C. L. Supp. 1152; 6 R. C. L. Supp. 1260.

3. SAME—OPTION TO PURCHASE LAND.

> Where there were at all times persons in being by whom an absolute fee in possession could have been conveyed, an option binding on the optionor, his heirs and devisees, giving to the optionee, her heirs, devisees, and assigns, the first opportunity, when sale is determined upon, to purchase certain land at not to exceed a certain price, does not offend the statutory rule against perpetuities.[3]

4. VENDOR AND PURCHASER — OPTION TO PURCHASE LAND — SUFFICIENT CONSIDERATION.

> One dollar and other valuable considerations is a sufficient consideration for an option to purchase land.[4]

5. EVIDENCE—ACKNOWLEDGMENT OF RECEIPT OF CONSIDERATION—EFFECT.

> In the absence of any evidence to the contrary, acknowledgment in a written option to purchase land of the receipt of a sufficient consideration must be taken as true.[5]

6. HUSBAND AND WIFE—SPECIFIC PERFORMANCE—EXECUTORS AND ADMINISTRATORS—APPEAL AND ERROR.

> A widow, who did not sign an option to purchase land, given by her husband in his lifetime, not being prejudiced by a decree against the administrator of the husband's estate decreeing conveyance of all of the husband's interest in and to said land, may not complain thereof.[6]

Appeal from Oakland; Covert (Frank L.), J. Submitted June 9, 1926. (Docket No. 38.) Decided December 8, 1926.

Bill by William A. Windiate, administrator of the estate of John Windiate, deceased, against Janette Lorman to remove a cloud upon the title to land. Wilfred C. Leland was permitted to intervene and filed a cross-bill for specific performance of an optional land contract. From a decree dismissing the bill and granting the prayer of the cross-bill, plaintiff appeals. Affirmed.

---

[3]Perpetuities, 30 Cyc. p. 1519; [4]Vendor and Purchaser, 39 Cyc. p. 1235; [5]Contracts, 13 C. J. § 946; [6]Appeal and Error, 4 C. J. § 2604.

*Patterson & Patterson,* for plaintiff.

*Pelton & McGee,* for defendant Lorman.

*A. L. Moore,* for defendant Leland.

CLARK, J.    John Windiate filed this bill.    Later his death was suggested and the suit revived in the name of the administrator.    The bill, alleging ·cloud on title, a recorded option, sought its removal.    The option:

"In consideration of one dollar, and other valuable considerations, the receipt of which is hereby acknowledged, I, John Windiate, of Pontiac, Michigan, agree with Janette Lorman, of West Bloomfield, that if I ever desire to sell, or if my heirs or devisees shall ever desire to sell, the lands hereinafter described, I will give to Janette Lorman, her heirs, devisees and assigns the first opportunity to buy the said land at the best price, not to exceed one thousand dollars ($1,000) which I can get for it from anyone else, plus the cost of any improvements put thereon; and upon payment or tender of such price by her, her heirs or assigns, to me, my heirs and devisees, that the land shall be conveyed to her, her heirs or assigns in fee simple; and further, that so long as I own the same it shall be used for no other purpose than for the purpose of a private residence.

"The land affected hereby is described as follows, viz.: (Description).

"This agreement shall bind *my heirs and devisees,* and shall inure to the benefit of Janette Lorman, her heirs, devisees and assigns.

"In witness whereof, I have hereto set my hand and seal this 15th day of July, A. D. 1910.
                                          "JOHN WINDIATE.
"Witnesses:
    CHARLES W. BURRIDGE,
    BELLE E. SMITH."
                          (Acknowledgment.)

Mr. Leland, assignee of Mrs. Lorman, intervened, answered and prayed relief, specific performance of

the option, and he had decree, from which plaintiff has appealed.

1. That the option violates the rule against perpetuities. Appellant cites texts and decisions under the law of England and of many of the States. But as stated by Chaplin in the preface to his work on Suspension of the Power of Alienation:

"New York abandoned the system embodied in this law, and instituted a system of her own, which, except in its application to personal property, has since been adopted in Michigan, Minnesota and Wisconsin."

We quote 3 Comp. Laws 1915, §§ 11532, 11533:

"Every future estate shall be void in its creation, which shall suspend the absolute power of alienation for a longer period than is prescribed in this chapter; such power of alienation is suspended when there are no persons in being, by whom an absolute fee in possession can be conveyed.

"The absolute power of alienation shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance of two lives in being at the creation of the estate, except in the single case mentioned in the next section."

Under our statute "such power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed."

Passing the suggestion that the unaccepted option created no estate or interest in the land (*Gustin* v. *School District,* 94 Mich. 502), and the further suggestion that the option gave merely the right of first refusal and presented no obstacle to alienation by the optionor, we think that, tested by our statutory rule, the option is not offensive, because at all times there were persons in being by whom an absolute fee in possession could have been conveyed.

Cases in point under this statute are *Buck* v. *Walker,* 115 Minn. 239 (132 N. W. 205, Ann. Cas. 1912D, 882), and *Mineral Land Investment Co.* v. *Bishop Iron*

*Co.,* 134 Minn. 412 (159 N. W. 966). We quote from the latter:

"The plaintiff claims that the option agreement suspends the power of alienation and violates the rule against perpetuities. The common law as to perpetuities is superseded by statute. *Buck* v. *Walker, supra,* and see 1 Reeves, Real Prop. § 958; 1 Tiffany, Real Prop. § 160; Gray, Perpetuities, §§ 747-751; 22 Am. & Eng. Enc. Law (2d Ed.), pp. 703, 704, 715; 30 Cyc. pp. 1466, 1501, 1519. The statute does not in this connection use the word 'perpetuity,' but it is conveniently enough employed to indicate a forbidden suspension of the power of alienation. The statute forbids the suspension of the absolute power of alienation for a longer period than the continuance of two lives in being at the creation of the estate, except in a case of the limitation of a contingent remainder not important here; and the power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. Gen. Stat. 1913, §§ 6664, 6665; Rev. Laws, 1905, §§ 3203, 3204. A suspension of the power of alienation, for whatever period, not measured by two lives in being at the creation of the estate, is void. *Rong* v. *Haller,* 109 Minn. 191 (123 N. W. 471, 806, 26 L. R. A. [N. S.] 825) ; *Buck* v. *Walker, supra; Simpson* v. *Cook,* 24 Minn. 180; *In re Tower's Estate,* 49 Minn. 371 (52 N. W. 27). The power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. These are the statutory tests. Applying them, we find no prohibited suspension of the power of alienation. There were always persons in being who could convey an absolute fee in possession. *Buck* v. *Walker, supra; Rong* v. *Haller, supra.* The defendant could transfer or release its right, the plaintiff could convey its title, or the two could join. If the contract constitutes an unlawful suspension of the power of alienation, any option for the purchase of city property or farm lands, or for a mining lease, be the time for its exercise ten days, or longer or shorter, or any period not measured by two lives in being, suspends the power of alienation. Of course such an option does not; nor does the one involved in this litigation."

See *State* v. *Holmes,* 115 Mich. 456; 30 Cyc. p. 1501.

2. That there was no consideration for the option. The option recites a sufficient consideration. *George* v. *Schuman,* 202 Mich. 241; *Wayne Woods Land Co.* v. *Beeman,* 211 Mich. 360. The writing itself acknowledges receipt of the consideration. We find nothing in the record to overcome the evidential force of such writing.

3. That the wife, now the widow, of John Windiate is not a party to the option. That being so, she will suffer, concededly, no prejudice by the decree.

No other matter need be discussed.

Affirmed. Costs to defendants.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.