OLD MISSION PENINSULA SCHOOL DISTRICT *v.* FRENCH.

1. ADVERSE POSSESSION—PRE-EMPTIVE RIGHT—SALE OF PROPERTY.
   There could be no adverse possession of property sold, by school district grantee, under deed giving grantors a pre-emptive right in the event the grantee should desire to sell the land, until there was a decision of the school district to sell the property.

2. WORDS AND PHRASES—PRE-EMPTIVE CLAUSE.
   A pre-emptive clause is one which requires that before the subject property may be sold to others it must first be offered at specified terms to a particular person or persons who have the right to buy or reject it.

3. DEEDS—CONSTRUCTION OF PRE-EMPTIVE CLAUSE—WORDS OF HEIRSHIP.
   Pre-emptive clause of deed providing that "said grantors shall have the right before all others" to buy the property must be read in connection with statute eliminating the requirement of words of heirship in determining the intent of the parties (CL 1948, § 565.153).

4. SAME—PRE-EMPTIVE CLAUSE—CONSTRUCTION.
   The intent of the parties to a deed containing a pre-emptive clause is obtained from the nature of the transaction and other provisions of the deed.

5. SAME—CONSTRUCTION—PRE-EMPTIVE CLAUSE.
   Pre-emptive clause of deed to school district which omitted words of heirship that were included twice in the warranty clause pledging that the grantors, "their heirs, executors and administrators" held title and would defend the same is construed as limiting the pre-emption clause to be personal to the grantors and is extinguished upon their death.

---

REFERENCES FOR POINTS IN HEADNOTES
[3–5, 7] 55 Am Jur, Vendor and Purchaser § 45 (Supp).
    Validity, construction and effect of contract, option, or provision for repurchase by vendor. 44 ALR2d 342.
[6] 16 Am Jur, Deeds § 165.

6. Same—Construction—Ambiguity.
  Words in a deed are to be construed strongly against the grantor where the deed is ambiguous, especially where the clause to be construed is a limitation on the grant.

7. Same—Construction—Pre-emptive Clause—Evidence.
  An option or pre-emptive clause in a deed should be construed as limited to the lives of the parties, unless there is clear evidence of a contrary intent.

Appeal from Grand Traverse; Brown (Charles L.), J. Submitted October 14, 1960. (Docket No. 93, Calendar No. 47,455.) Decided March 1, 1961.

Bill by Old Mission Peninsula School District, a governmental body corporate, against Frank A. French, Alice B. French, and their unknown heirs, devisees and assigns, to quiet title. Cross bill by 4 heirs asking specific performance under pre-emption clause contained in 1893 deed to school district. Decree for plaintiff. Defendants appeal. Affirmed.

*Williams, Griffin, Thompson & Coulter (K. E. Thompson,* of counsel), for plaintiff.

*Charles H. Menmuir,* for defendants.

Edwards, J. The subject of this litigation is a 50-year-old frame schoolhouse and the 1-acre plot of ground on which it stands. The land in question was sold to the predecessor of plaintiff school district by Frank A. and Alice B. French in 1893 for the sum of $50. The school was built thereafter and was used until consolidation of smaller districts into plaintiff district occasioned its abandonment in 1954.

When the plaintiff school district advertised this property for sale it received a bid of $4,300, conditioned upon its bringing a successful suit to quiet title. Thereupon plaintiff filed suit by publication under the unnamed parties defendant statute (CL

1948, § 612.20 [Stat Ann § 27.672]) against the heirs of the grantors, Frank A. French and Alice B. French, both of whom had long since died.

The Frenches' 4 children, their sole heirs-at-law, then appeared and, basing their action upon a preemption clause in the original 1893 deed, tendered into court $50 for the land, plus $50 salvage or the fair value of the buildings as found by the court. When this offer was not accepted by plaintiff they filed an answer and cross bill seeking specific performance of the pre-emption agreement.

The relevant clauses in the 1893 deed relied upon by defendants are as follows:

"Provided that in case said school district should desire to sell said lot at any time said grantors shall have the right before all others to buy said lot at the same price now received for same, to-wit, $50, the buildings thereon to be also paid for by said grantors at a fair price in addition to said $50.

"Together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining.

"To have and to hold the said premises as herein described, with the appurtenances, unto the said party of the second part, and to its heirs and assigns, forever. And the said Frank A. French and Alice B. French, his wife, parties of the first part, their heirs, executors and administrators do covenant, grant, bargain and agree, to and with the said party of the second part, its heirs and assigns, that at the time of the ensealing and delivering of these presents they are well seized of the above granted premises, in fee simple; that they are free from all encumbrances whatever; and that they will, and that their heirs, executors and administrators shall warrant and defend the same against all lawful claims whatsoever."

At the hearing, the value of the building was variously estimated at between $1,500 and $2,500, and at

the conclusion defendants tendered into court a total of $2,550.

The circuit judge rendered an opinion holding that the pre-emption clause was reserved to the grantors personally, and hence was extinguished on their death. He also held that plaintiff had had more than 15 years' adverse possession. A decree was entered quieting title in plaintiff school district and denying defendants' cross bill, from which decree defendants appeal.

We agree with appellants that there could be no adverse possession until the pre-emption clause was invoked by a decision of the school district to sell the property. Hence, we view the decisive question as being whether or not the circuit judge erred in holding that the pre-emption agreement "created an option right exercisable only by said Frank A. French and Alice B. French, or the survivor of them."

A pre-emptive clause is one, generally found in a deed, which requires that before the subject property may be sold to others it must first be offered at specified terms to a particular person or persons who have the right to buy or reject it. 6 American Law of Property, § 26.64.

Such a clause obviously could be drafted so as clearly to express the intent of the parties to make the right of pre-emption either personal or descendible. In the latter instance, of course, the right would have to be weighed against the common-law prohibition on restraints on alienation (see 4 Restatement, Property, §§ 406, 413), and the rule against perpetuities (see *Windiate* v. *Lorman,* 236 Mich 531; *Windiate* v. *Leland,* 246 Mich 659; and compare PA 1949, No 38 [CLS 1956, §§ 554.51–554.53, Stat Ann 1957 Rev §§ 26.49(1)–26.49(3)], effective September 23, 1949).

In the former instance, the right, of course, would terminate with the death of the person or persons possessing it.

No such clarity of purpose may be found in the express language of this deed. The directly relevant language of the deed provides, "said grantors shall have the right before all others." While these words, standing alone, appear to support the position of the appellee and the circuit judge as to the personal character of the right, they must be read with the Michigan statute eliminating the requirement of words of heirship in mind (CL 1948, § 565.153 [Stat Ann 1953 Rev § 26.573], effective 1881).

See, also, CL 1948, § 554.35 (Stat Ann 1957 Rev § 26.35), effective 1847, and CL 1948, § 554.101 (Stat Ann 1957 Rev § 26.47), effective 1931.

Thus, in seeking the intention of the parties, we must turn to the nature of the transaction, and to the other provisions of the deed.

The deed before us is in basic purpose a warranty deed conveying a fee simple estate from the former owners to a school district. It retains nothing in the grantors except the possibility of a pre-emption on the happening of a condition.

Significantly, twice repeated in the warranty clause which the drafter employed, we find the familiar words of heirship which he omitted in the pre-emption clause. The clause pledges that the Frenches, *"their heirs, executors and administrators"* hold title, and that they and "their heirs, executors and administrators" will defend same.

This contrast within the deed, we regard as lending further weight to the conclusion of the circuit judge that the parties intended the pre-emption to be a personal one.

Michigan has consistently recognized that where a deed is ambiguous, its words are to be construed strongly against the grantors. *Bolio* v. *Marvin,* 130

Mich 82; *Moore* v. *Young,* 162 Mich 237; *Choals* v. *Plummer,* 353 Mich 64.

See, also, 16 Am Jur, Deeds, §§ 165, 166.

This general rule of construction has greater applicability when the language concerned, as here, is in the nature of a limitation on the grant (*Quinn* v. *Pere Marquette R. Co.,* 256 Mich 143; see, also, 16 Am Jur, Deeds, § 309) and where the ambiguity to be resolved would tend under one construction toward a more severe restraint on alienation than under another (4 Restatement, Property, §§ 418, 419, 420).

As American Law of Property puts it, "There is a strong tendency to construe an option or pre-emption to be limited to the lives of the parties, unless there is clear evidence of a contrary intent." 6 ALP, § 26.67, p 511, n 5, 1960 Supp.

In regard to the issue of construction, appellants cite *Windiate* v. *Lorman, supra,* and *Lantis* v. *Cook,* 342 Mich 347. Neither case, however, is in point as to the problem in construction with which we deal. In the first case referred to, the pre-emption clause specifically recited "to Janette Lorman, her heirs, devisees and assigns." In the second, the grantors themselves were seeking enforcement.

Appellants also reply upon cases dealing with lease clauses which grant lessees options to purchase. *Nu-Way Service Stations, Inc.,* v. *Vandenberg Bros. Oil Co.,* 283 Mich 551; *Rosello* v. *Hayden* (Fla), 79 So2d 682; *Ankeny* v. *Richardson* (CCA 8), 187 F 550.

In each of these cases, however, the option is inextricably linked with a leasehold for years which is ordinarily not extinguished by the death of the lessee and is generally held to descend as personalty. *Brown's Executor* v. *United States Trust Co.,* 185 Ky 747 (215 SW 815; 8 ALR 1142).

See, also, annotation, 68 ALR 590; 32 Am Jur, Landlord and Tenant, §§ 16, 303.

In the case before us, the contingent right of pre-emption with which we deal is not associated with any other interest in the land.

For the reasons we have given, we agree with the circuit judge in holding that the pre-emption clause in this deed created a contract right which was personal to the grantors and which was extinguished at their death.

Since affirmance of the decree of the chancellor below on the principal ground cited by him disposes of this appeal, we do not pass on or decide other issues briefed.

Affirmed.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Kavanagh, and Souris, JJ., concurred.