WATERSTRADT *v.* SNYDER

DEEDS—CONSTRUCTION—OPTION TO PURCHASE.
An option to repurchase real property in a deed which recites that "the grantee agrees that if she ever desires to sell" the property the grantors may buy it for a specified price required the personal volitional act of the grantee in her lifetime and therefore terminated on her death.

REFERENCE FOR POINTS IN HEADNOTE
23 Am Jur 2d, Deeds § 267.

Appeal from Monroe, William J. Weipert, J. Submitted Division 2 November 5, 1971, at Detroit. (Docket No. 11492.)   Decided December 7, 1971.

Complaint by Herbert and Margaret Waterstradt against James A. Snyder, the executor of the estate of Olive M. Waterstradt, to restrain the sale of real property by Snyder and to enforce the plaintiffs' claimed right to purchase for a specified price. Summary judgment for plaintiffs.   Defendant appeals.   Summary judgment vacated and remanded for entry of summary judgment for defendant.

*B. A. Simons* and *Erwin A. Salisbury,* for plaintiffs.

*Ready & Ready,* for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J.   This case involves the interpretation of the following language in a deed:

"The grantee agrees that if she ever desires to sell the aforementioned property, the grantors herein are to have the right and option to buy the same for $9,000."

The grantee died testate.   Her will was admitted to probate.   It made six specific bequests of some articles of wearing apparel, a ring, a sum of Masses for her deceased husband, and $250 for each of her grandchildren and great-grandchildren.   Then followed the usual residual disposition of the "remainder of my property of whatever kind not other-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968,

wise disposed of by this will" to the deceased's two daughters.

It is obvious that the realty here involved was not "otherwise disposed of by this will". It was included in the assets of the estate. A license to sell was authorized for $15,000. The grantors brought suit to restrain the sale and to enforce their claimed right to purchase the property for $9,000.

The trial court held the option binding on the defendant executor and granted summary judgment to plaintiff-appellees in the nature of an order requiring sale to grantors for $9,000.

To discuss this question in detail, citing the limitless encyclopedic authority both ways, and making a well-documented choice is tempting. We resist the temptation.

The language in the deed means just what it says, nothing more, nothing less. "If the grantee  *  *  * ever desires to sell the  *  *  *  property, the grantors  *  *  *  have a right to buy the same for $9,000."

If she had desired to sell, she would have exercised her option to do so. Then the grantors could have exercised their option to buy it back at the specified price. She did not, so the grantors could not.

If the grantors had meant to bind her personal representative, her successors in title, or assigns (assuming they could),[1] they should have said so. We decline to rewrite the language of the option. We make no distinction between "personal representative" and "successor" or "assigns". In logic, we could not do so. We hold the option to repurchase terminated on the death of the grantee because

[1] See Mr. Justice EDWARDS' language in *Old Mission Peninsula School District* v. *French*, 362 Mich 546, 549 (1961).

it required her personal volitional act in her life-
time. We cite with approval, as did the Supreme
Court in *Old Mission Peninsula School District,* fn
1 *supra,* p 551, the general rule:

"There is a strong tendency to construe an option
or pre-emption to be limited to the lives of the
parties, unless there is clear evidence of a contrary
intent."

There was no clear evidence of contrary intent.

The summary judgment entered in the circuit
court is vacated. The cause is remanded with in-
structions to enter summary judgment for defend-
ant-appellant, who may tax costs.

All concurred.