DAVID HORNING *vs*. CHARLES SWEET.

October 9, 1880.

Ejectment—Proof of Title by Plaintiff.—In an action to recover possession of real property, it is sufficient for plaintiff, upon an issue of title in himself, to prove a regular chain of title from a grantor who is admitted by the answer to have been a former owner in fee of the premises.

Ejectment for a lot of ground in the village of Alden in Freeborn county, the complaint alleging generally title in fee and right of possession in plaintiff, and a wrongful detention by defendant. The defendant in his answer denied plaintiff's title and right of possession, and alleged that in May, 1877, he constructed a building on the premises, under a contract with one H. N. Burhans, who was then the owner of the lot and held the same under and by virtue of a contract of purchase from one William Morin, who had the legal title to the premises. That his contract with Burhans was made with Morin's consent and approval, and provided that defendant might erect the building and occupy the same until such time, after two years from said date, as he, the said Burhans, should pay to the defendant the cost of construction of said building, being $225, and that, on such payment, the defendant should vacate the premises after a reasonable notice, and that during the two years, and thereafter until the payment of the $225, defendant might occupy the premises free of rent. The answer further alleges that defendant has fully complied with the terms of the agreement, and that plaintiff, ever since July 1, 1877, has had notice thereof and of the terms of the agreement; and that the plaintiff, if any title he has, has acquired the same through Burhans by an assignment of the contract with Morin.

The evidence in the cause was taken before a referee. The plaintiff, to prove his title, introduced in evidence (under proper objection) a certificate of the register of deeds of the county, stating "that Wm. L. Gray entered the northwest

quarter of the southeast quarter of section 3, township 102, range 23, as the same appears upon the record of original entries in the office of the register of deeds aforesaid;" also, (under proper objection,) a copy of the record of a deed of the same 40 acres from Wm. L. Gray to Augustus Armstrong, and a copy of the record of a deed of the same from Augustus Armstrong and wife to William Morin, each copy being thus certified by the register of deeds: "I, Ole O. Simonson, register of deeds in and for the county of Freeborn, in the state of Minnesota, do certify that the foregoing is a true copy of a deed from" (the grantor named to the grantee named,) "as the same appears of record in the office of register of deeds aforesaid, in book," etc. Plaintiff then introduced in evidence a conveyance in fee of the lot in question by Morin and wife to plaintiff, bearing date November 9, 1877, and duly recorded. Plaintiff also proved that the lot in question is part of the 40 acres before mentioned, and rested his case. The defendant thereupon moved to dismiss the action, and then introduced in evidence the bond for a deed, made by Morin to Burhans, pleaded in the answer, and an assignment of the bond to plaintiff, bearing date February 5, 1876, and recorded December 3, 1876, and also oral testimony tending to prove the averments of his answer.

The referee having made report of the evidence to the district court for Freeborn county, the cause was heard by *Page*, J., who ruled that the register's certificate of the entry of the land by Gray was inadmissible, not being nor purporting to be a copy of any record, (Gen. St. 1878, c. 73, § 96,) and that the certificates to the other copies offered were insufficient under Gen. St. 1878, c. 73, § 65; that the copies offered were therefore inadmissible, and the plaintiff, when he rested, had not proved himself the owner or entitled to possession of the premises. The objections to the evidence were therefore sustained, and the motion to dismiss granted. Judgment was accordingly entered for the defendant, and the plaintiff appealed.

*E. C. Stacy* and *John Whytock,* for appellant.

*John A. Lovely,* for respondent

CORNELL, J. Upon the allegations of the answer defendant claims possession under an agreement with one Burhans, and he avers that when said agreement was made, Burhans "was the owner of the said lot and premises, and held the same under and by virtue of a contract of purchase of one William Morin, who had the legal title to said premises." The only reasonable interpretation that can be given to these allegations is that Burhans had acquired an equitable title to the lot under a contract of purchase from Morin, who was the owner in fee and held the legal title. It is evident, therefore, that defendant is claiming under a title derived from Morin.

In view of this fact, and the admission in the answer that the legal title to the lot was vested in Morin, proof by plaintiff that Morin had conveyed the property to him by absolute deed, duly made and executed, was sufficient, as against the defendant, to establish the fact of his ownership of the property in fee. Evidence of such a conveyance was given by plaintiff in the deed from William Morin and wife to David Horning, to the introduction of which there was no valid objection. No evidence other than the identity of the names was required to identify the grantor named in the deed with the William Morin mentioned in the answer, or the grantee as the plaintiff herein. There was no circumstance to rebut the inference that arises from an identity in respect to the names. 1 Whart. Law of Ev. § 739*a.* It follows from these views that the action was improperly dismissed, and that the judgment must be reversed and a new trial granted.

Ordered accordingly.