JAMES F. O'NEILL and Another v. WILLIAM E. JONES and Another.

June 3, 1898.

Nos. 11,189—(51).

**Forcible Entry and Detainer—G. S. 1894, §§ 6108, 6109—Purpose of Action.**

The purpose of G. S. 1894, §§ 6108, 6109, is to give a speedy remedy to those whose possession of real property has been invaded, and not to take the place of the action of ejectment.

**Same—Actual Occupation.**

Forcible entry and detainer is essentially an action given to protect actual occupation of real estate against unlawful intrusion or forcible detention; and, to maintain such an action, a plaintiff must prove that he or his grantor was in the actual and peaceful possession of the premises in dispute.

**Same—Constructive Possession.**

Mere constructive possession is insufficient, although an actual foothold is not always absolutely required.

**Same—Evidence of Constructive Possession Insufficient.**

*Held* that, from the evidence in this cause, the possession relied upon by plaintiffs was at most merely constructive, and insufficient for the purpose of maintaining an action of forcible entry and detainer against appellant.

Appeal by defendant Jones from a judgment of the municipal court of Duluth, in favor of plaintiffs, directing restitution of the premises to them, entered in pursuance of the findings and order of Edson, J. Reversed.

*Fryberger & Johanson,* for appellant.

*S. D. Allen,* for respondents.

COLLINS, J.

The purpose of the forcible entry and detainer act (G. S. 1894, c. 84, §§ 6108, 6109) is to give a speedy remedy to those whose possession has been invaded, and not to take the place of the action of ejectment. Except in the cases of landlords and of mortgagees, elsewhere provided for in the same chapter, this remedy has not been extended to try the title or right of possession in favor of

one who has never been in possession of the lands in controversy. Forcible entry and detainer is essentially an action given to protect actual occupation of real estate against unlawful invasion or forcible detention. To maintain this action a plaintiff must prove that, at the time of the entry and detainer of which he complains, he or his grantor was in the actual and peaceful possession of the premises in dispute. Mere constructive possession is insufficient, although an actual foothold is not always absolutely requisite; and the question involved is always the fact of possession, not the right of possession. An examination of many cases cited upon these propositions in 8 Am. & Eng. Enc. 117-119, will show how elementary they are. Nothing more is required in this case than an application of these rules to the facts admitted or conclusively established at the trial.

In plaintiffs' complaint, they allege that a certain corporation had been the owner and in possession of the real estate for a long time prior to June 1, 1897; that on said day it leased the same to plaintiffs for one year, with the right of possession; and that on said June 1 defendants wrongfully and forcibly entered thereon, and thereafter unlawfully and by force detained possession from plaintiffs. The answer alleged that defendant Jones was lawfully in possession, and denied that the corporation ever owned the land, or ever had possession of the same.

At the trial plaintiffs introduced in evidence, under objections made by defendants' counsel, a deed of bargain and sale, of date April 19, 1888, by and in which one Diether granted and conveyed the premises in controversy to the before-mentioned corporation, and also a lease of the same to the plaintiffs for the term of one year from June 1, 1897. It was also shown by oral evidence, and under objection, that the corporation caused these lands to be surveyed and subdivided into town lots in the year 1889; that thereafter it caused squatters and other persons to be put off; that no part of the land was ever inclosed, and no one acting for or under said corporation had ever resided thereupon. To vindicate his possession, defendant Jones introduced in evidence a quitclaim deed of the premises executed and delivered to him by his co-defendant on July 6, 1897. He also testified as to his good faith when

receiving the deed, and paying a valuable consideration therefor.

From this evidence it conclusively appeared that the corporation, as well as defendant Jones, had color of title to the premises, that the latter had entered upon the same peacefully, and that when so entering the corporation was not in actual possession, and never had been. Its acts when surveying and subdividing the land into lots and blocks, seven years prior to defendant's entry, and when driving off squatters and other persons at some later period not designated, gave it at best nothing more than constructive possession. None of the cases cited by plaintiffs' counsel sustain his contention that these facts constituted possession sufficient to maintain this action.

Judgment reversed, and new trial granted to appellant.