ERICK NORTON v. CARL FREDERICK and Another.[1]

January 29, 1909.

Nos. 15,875—(213).

**Land Grant—Sale of Right to Indemnity Lands.**

The right to indemnity land under the act of congress of 1866, granting certain lands to the state to aid in the construction of a railroad from Hastings to the western boundary of the state, conferred upon the Hastings & Dakota Railway Company by the state legislature, and the right to select the same to supply deficiencies in the place limits of the grant, became fully vested in the railway company on the completion of its road, was a substantial property right, and subject to sale and assignment by the railway company.

**Same—Selection of Indemnity Lands.**

The sale and transfer of that right by the Hastings & Dakota Railway Company to Russell Sage within three years after its dissolution was authorized by section 3431, G. S. 1894, and vested in Sage the right to make such selections as the corporation could have made, had it not been dissolved.

[1] Reported in 119 N. W. 492.

**Action to Recover Possession.**

> The legal title to real property carries with it the right of possession, which is sufficient, under section 4073, R. L. 1905, to authorize an action to recover the same from one in possession thereof without right or title.

Action in the district court for Swift county by a grantee of Russell Sage, as assignee in trust and trustee of the Hastings & Dakota Railway Company, to recover possession of certain land between ten and twenty miles distant from that railroad which had been selected by Russell Sage in lieu of place land from free public land which the United States had not sold, reserved or otherwise appropriated, and to which the right of homestead or pre-emption settlement had not attached. The separate answer of Edward Frederick alleged that neither plaintiff, his ancestor, predecessor nor grantor, had been seised and possessed of the land within fifteen years next preceding the commencement of the action, that it was barred by the statute of limitations, and that defendant had acquired title by adverse possession. It appeared that defendant had not made any application to enter the land. The case was tried before Qvale, J., who made findings and ordered judgment in favor of plaintiff. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order, defendant Edward Frederick appealed. Affirmed.

*A. D. Countryman* and *C. A. Fosness*, for appellant.

In State v. Minnesota Central Ry. Co., 36 Minn. 246, the charter of the Hastings & Dakota Railway Company was forfeited. If the charter of the corporation is repealed by a valid act of the legislature, its dissolution takes effect at the time when the repealing act takes effect and is not postponed by statute continuing the corporate faculties for three years for the purpose of winding up its affairs. 5 Thompson, Corp. § 6744; Crease v. Babcock, 23 Pick. 334. On December 9, 1889, about three months before the time expired in which it was given to wind up its affairs, the company conveyed to Russell Sage, as trustee, the land which it then owned and in addition assumed to transfer to him its interests in the land grant. This transfer was not for the benefit of creditors, but for the exclusive benefit of the preferred stockholders of the company. This is not one of the purposes for which

the company had its existence continued under G. S. 1894, § 3431, and Mr. Sage had no right to make any selection of any indemnity land.

When a corporation is dissolved it ceases to be a corporation for the purpose of continuing the business for which it was established. It retains only power to gradually settle and close its concerns and upon appointment of a receiver that power is placed in him, and its property and assets are in custodia legis. After dissolution it has no power to perform its contracts, even though made with third parties. "The rights of the parties to them were fixed as of the date of the dissolution." In re Educational Endowment Assn., 56 Minn. 171; Mumma v. Potomac Co., 8 Pet. 281. The case of Hanan v. Sage, 58 Fed. 651, is not in point. The tract of land involved in that action was within the place limits and the rights of the Hastings & Dakota Railway Company to that particular land became fixed at the time of the filing of the map of the definite location. The company was the absolute owner of the land involved in that case and the courts simply held that during the three years allowed it to wind up its affairs it could convey this tract of land, but did not hold that this deed of trust could in anywise prolong the life of the corporation, as it necessarily must in case it had a right to make any selection in 1891.

*Lyndon A. Smith* and *Owen Morris,* for respondent.

The government has given indemnity lands to the predecessor in interest of the respondent. The act of congress by which they were given was passed in 1866, and, if the Hastings & Dakota Railway Company ever obtained any right to any indemnity lands, it obtained that right by the construction of a railroad pursuant to the terms of the grant of 1866, and when such road was constructed it had a right to the indemnity lands promised and provided for by the act of congress, and that right was a vested one and could be assigned from one person to another so long as it had been earned and had been vested, and such transfer did not affect the relations of the United States to the land. Courts have upheld and now are universally upholding the validity of an assignment of unallowed claims against a government, when such assignment in no way interferes with the government. It was held in York v. Conde, 147 N. Y. 486, that an assignment of a claim against the government was good as between the parties, al-

though not recognized by the government itself. In the case in hand the transfer attacked by appellant was not only good between the parties, but has been expressly recognized by the United States government.

The decisions of Minnesota have been favorable to the validity of assignments of all forms of property and all rights of property when any right whatever which might prove of value had a present existence, which might ripen into a valuable property right. The right to claim indemnity lands has been recognized by all courts as a valuable right and has brought to the railroad companies and their assignees thousands of acres of land without any restriction from the government, except a compliance with the terms of the grant, and the fact that this land was certified to the trustee of the Hastings & Dakota Railway Company proved that all the conditions of the grant had been complied with. Musser v. McRae, 44 Minn. 343; Minnesota Land & Inv. Co. v. Davis, 40 Minn. 455; Winona & St. Peter Land Co. v. Ebilcisor, 52 Minn. 312.

Settlement upon public land for years, without any other act or thing looking toward acquiring a title, is absolutely void and null. 26 Am. & Eng. Enc. (2d Ed.) 228, particularly cases cited in note 2.

BROWN, J.

In 1866 the congress of the United States, by an act approved July fourth of that year (Act July 4, 1866, c. 168, 14 St. 87), granted to the state of Minnesota to aid in the construction of a railroad from Hastings to the western boundary of the state certain lands, consisting of the odd-numbered sections within a belt of ten miles on each side of the road when definitely located. The act also provided for the selection of lands within twenty miles of the road as so located to supply any deficiency in the place limits arising from a disposal thereof by the government before the location of the road. The lands so authorized to be selected are known as indemnity lands, the title to which passes from the government only upon selection by the company and approval by the secretary of the interior. The state accepted the grant in 1867, by chapter 9, p. 11, of the special laws of that year, and duly vested the same in the Hastings & Dakota Railway Company. The company filed its map of definite location on June 26, 1867, and

completed the construction of the road by January 1, 1880. Thereafter, in 1886, the charter of the company was declared forfeited by judicial decree entered in proceedings brought for that purpose. State v. Minnesota C. R. Co., 36 Minn. 246, 30 N. W. 816.

Within three years thereafter, the time limited by statute within which corporations dissolved or whose charters expire by limitation may close up their affairs by sale and disposal of their property and payment of their debts, the railway company assigned and transferred to Russell Sage, in trust for the benefit of preferred stockholders, all its land grant rights, which necessarily included the right to select the indemnity lands to supply losses within the place limits of the grant, if that right was assignable. There was a deficiency of place lands, and Sage duly selected the land in controversy in this action, and other lands within the indemnity limits, to supply the same. The selection was approved by the Interior Department in 1901, and the land so selected subsequently transferred and conveyed to Sage. Plaintiff, as successor to the Sage title, brought this action to recover possession of the land in suit against the defendant, who is in possession thereof claiming to own the same. The defense interposed by the answer was that defendant had acquired title to the land by adverse possession. The defense was not, however, made out on the trial. Though defendant showed by his evidence that he and his predecessors in right had been in the actual and continuous possession of the land since 1885, more than twenty years, no right accrued therefrom; for until 1901 the title was in the general government, against which the statute of limitations does not operate. Judgment was ordered for plaintiff in the court below, and defendant appealed from an order denying his motion for a new trial.

Two questions are presented by the assignments of error: (1) Whether Sage, as successor to the rights of the railway company, had the right to make a selection of indemnity lands to supply deficiencies in the place limits; and (2) whether plaintiff, since neither he nor his predecessor in title, Sage, has ever had the actual possession of the land, can maintain ejectment therefor.

1. The first question was for all practical purposes settled by the decision of this court in Sage v. Crowley, 83 Minn. 314, 86 N. W. 409. The same question was there presented, though in a different form,

and disposed of adversely to the defendant's present contention. Section 3431, G. S. 1894, which was in force when this corporation was dissolved, as hereinbefore stated, provides "that corporations whose charters expire by their own limitations, or are annulled by forfeiture or otherwise, shall, nevertheless, continue bodies corporate for the term of three years after the time when they would have been so dissolved, for the purpose of * * * enabling them gradually to settle and close their concerns, to dispose of and convey their property, and to divide their capital stock." It was said in the Crowley case, just referred to, that the statute recognizes the right of a corporation to dispose of its property for the benefit of its stockholders at any time within three years after its dissolution, and that such distribution may be by free gift to a trustee for the benefit of the interested parties or by an absolute sale for cash. We follow and apply that decision. That the right to select indemnity lands to supply any deficiency within the place limits under grants of the character of that here involved is a property right, and subject to sale or assignment, there can be no serious question.

The company in this case had by the construction of its road earned the lands granted long before its dissolution, and was entitled, if a loss was found within the place limits, to select in lieu thereof a sufficient quantity from the indemnity tract to supply the same. This right became vested immediately upon the completion of the road, and was corporate property within the meaning of the law, subject to sale and assignment. Hanan v. Sage (C. C.) 58 Fed. 651; Kansas P. R. Co. v. Atchison, T. & S. F. R. Co., 112 U. S. 414, 5 Sup. Ct. 208, 28 L. Ed. 794; Cedar Rapids & M. R. R. Co. v. Herring, 110 U. S. 27, 39, 3 Sup. Ct. 485, 28 L. Ed. 56; Hastings & Dakota R. Co., 18 Land Dec. Dep. Int. 511. This right in the case at bar was conveyed to Sage before the expiration of the limitations prescribed by statute after the dissolution of the corporation, and fully vested in him the right to make such selection of indemnity lands as the corporation could have made, had it not been dissolved. It is not important that the right was assigned to him for the benefit of preferred stockholders, when perhaps it should have been assigned for the benefit of creditors generally. Whether the creditors had rights in the premises does not concern defendant in this case.

2. It is further urged that, because neither plaintiff nor Sage has ever been in the actual possession of the land, ejectment cannot be maintained. This contention is founded upon section 4073, R. L. 1905, which provides that "no action for the recovery of real estate, or the possession thereof, shall be maintained unless it appears that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the premises in question within fifteen years before the beginning of the action."

The fact that neither plaintiff nor Sage had ever been in the actual possession of the land is not questioned; but, with this conceded fact in mind, we are unable to concur in defendant's construction of this statute. It has always been understood, so far as we are advised, as a statute of limitations, and not as one requiring a plaintiff in an action of this character affirmatively to show actual possession in him as a condition precedent to the right to maintain an action in ejectment. Title and right of possession within the time limited are all that need be shown. Garrett v. Ramsey, 26 W. Va. 345; Seymour, Sabin & Co. v. Carli, 31 Minn. 81, 16 N. W. 495. If actual possession of land within fifteen years is necessary to maintain an action to recover the same from one in actual possession thereof, whether as trespasser or otherwise, the courts would undoubtedly be relieved of considerable litigation, and the transfer of title to vacant and unoccupied lands would correspondingly decline. No person would be safe in owning vacant and unoccupied land. But the contention of counsel is not sound. The legal title to real property carries with it the right of possession, and this is all that is necessary under the statute to entitle him to maintain an action to recover the same against one in possession thereof without right. It is sufficient until an adverse occupant has remained in possession a sufficient length of time to divest the legal title. If defendant acquired any title or right to the land by reason of his settlement thereon, or the settlement of his predecessor, he should have presented his case to the Interior Department for adjustment.

Judgment affirmed.