# MARY KATHERINE LOWE v. HELEN A. PATTERSON AND ANOTHER.

120 N. W. (2d) 313.

February 21, 1963—No. 38,740.

*Jerome Daly,* for appellant.

*Ganfield & O'Connell,* for respondent Lowe.

*Diessner, McEachron, Wurst, Bundlie & Carroll* and *Franklin J. Wallahan,* for respondent Hastings National Bank.

OTIS, JUSTICE.

This is an action for the partition of real estate in which the appellant, Helen A. Patterson, seeks the review of two orders, one confirming the sale of the property to be partitioned, and the other denying various motions to set aside the proceedings.

The parties are co-owners of property known as the Gardner Hotel, located in the city of Hastings. It appears that for some years appellant had enjoyed exclusive possession of the property when respondent, Mary Katherine Lowe, commenced these proceedings in October 1960. She prayed for the partition of the premises by sale and asked that Mrs. Patterson's interest be charged with the reasonable value of rental arising out of her use and occupancy of the property. In her answer Mrs. Patterson asked that the real estate be partitioned by sale and that the proceeds be divided according to the interest of the parties. A stipulation executed by the attorneys acknowledged the necessity for a partition sale and for the appointment of a referee by the court. The referee proceeded to secure an appraisal and to negotiate with numerous prospects.

On February 26, 1962, appellant filed with the court a notice discharging the attorneys who then represented her. Thereafter, on March 7, the property was sold by the referee and a report thereof submitted to the court. On March 12, 1962, appellant was served with an order, returnable on March 16, requiring her to show cause why the sale should not be consummated. Objection to the proposed order was filed by appellant's substituted attorney on the day of the

44

hearing. Counsel made no appearance at the hearing, asserting that he was professionally engaged elsewhere, and asked that the order be held in abeyance. The court nevertheless entered an order, dated March 23, 1962, confirming the sale. Thereafter appellant moved the court (1) for an order vacating the order confirming the sale, and (2) for an order discharging appellant's previous counsel, and (3) for an order dismissing the proceedings, or in the alternative for a continuance and for further relief, which in effect would expunge all of the files and set aside all of the action previously taken. It is from the denial of these motions and from the order confirming the sale that Mrs. Patterson appeals.

There are 23 assignments of error. Those unsupported by authority or argument are deemed abandoned.[1]

■ Appellant assigns as error the court's failure to order the discharge of her previous attorney, citing Minn. St. 481.11. While it is the general rule that a client may discharge his attorney at any time, with or without cause, subject only to whatever interest the attorney retains as security for the payment of his fees, in the instant case appellant has shown no prejudice affecting the merits of the case. Appellant is fully protected from any possibility of unauthorized dealings with counsel by the service on interested parties of the notice of discharge.

■ It is the contention of appellant that the proceedings are fatally defective in that plaintiff has failed to join her own husband as a party. No authority is cited for this proposition. Since, at most, plaintiff's husband has an inchoate interest which is defeasible by operation of law in proceedings of this kind, we hold that he is not an indispensable party who must be joined.[2]

■ Appellant asserts that the stipulation of her counsel agreeing to a partition sale was unauthorized and in violation of the statute of frauds. We hold that under the facts of the case counsel had implied authority to stipulate that a partition sale might proceed and that appellant has ratified this procedure. In our opinion a partition pro-

[1]Kaehler v. Kaehler, 219 Minn. 536, 537, 18 N. W. (2d) 312, 313.
[2]Hazelbaker v. Reber, 123 Kan. 131, 254 P. 407.

ceeding conveys title by operation of law within the meaning of § 513.04. In the light of appellant's answer praying for a partition, we believe counsel was justified in entering the stipulation complained of, and that it constituted a stipulation of the parties within the meaning of § 558.04. While Mrs. Patterson asserts that the answer interposed by counsel on her behalf was also unauthorized, we need only point out that if we adopt her position, it must follow that she has been in default since the inception of the action and has no standing in court whatever. In any case, she has acquiesced in the efforts made to secure a sale of the premises, from August 1960 when the suit was started until March 15, 1962, when she first took the position that the actions of her attorney were unauthorized. Under these circumstances we deem the steps taken by her counsel to be ratified by appellant since the record shows that the referee brought numerous prospects to the premises while appellant was in possession and that she had actual notice of the sale which the referee was attempting to consummate. We find no abuse of discretion in the court's failure to vacate the stipulation.[3]

■ Appellant assigns as error the failure of the referee to give her notice of the appraisal and sale, asserting that § 558.17, which authorizes the procedure followed by the referee, is unconstitutional. In addition she complains that it was error to permit her own answer to be filed without verification, and that § 544.15 remains effective since the statutes authorizing the promulgation of the Rules of Civil Procedure[4] and the rules themselves are unconstitutional. She further contends that the order to show cause, returnable on March 16, 1962, was unauthorized since § 545.01 continues to govern notwithstanding Rule 6.04, Rules of Civil Procedure, which purports to supersede it.

In support of her position that the Rules of Civil Procedure are unconstitutional, appellant cites only two cases which hold that courts may not exercise legislative or administrative powers. In our

[3]Albert v. Edgewater Beach Bldg. Corp. 218 Minn. 20, 25, 15 N. W. (2d) 460, 463.
[4]Minn. St. 480.051 to 480.057.

opinion, appellant's presentation of this contention is so completely inadequate as to constitute a frivolous assignment on which we need not pass. That being so, the rules themselves require that all assignments challenging the constitutionality of statutes must be called to the attention of the Attorney General.[5] Without such notice they may not be reviewed. In re Condemnation by Oak Center Creamery Co. v. Grobe, 264 Minn. 435, 119 N. W. (2d) 729. We therefore hold that the matter is governed by Rule 11, dispensing with the verification of pleadings, and Rule 6.04, which authorizes the hearing of motions with less than 5 days' notice on order of the court. For the reasons stated we are not called upon to determine the validity of § 558.17.

■ The final assignments of error requiring consideration are directed to plaintiff's failure to join lienholders as required by § 558.03 and to the absence of evidence that the referee took the oath prescribed by § 358.06. There is a presumption that the referee was in fact sworn. Leyde v. Martin, 16 Minn. 24 (38). Nothing in the record shows that these matters were specifically called to the attention of the trial court or were argued before him. We therefore decline to review them here. The orders are affirmed.

Mr. Justice Sheran, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[5]Rule 24.04, Rules of Civil Procedure.