## VICTOR LEADER v. ALFRED M. JOYCE.

135 N. W. (2d) 34.

April 9, 1965—No. 39,464.

*Jerome Daly,* for appellant.
*Diessner, McEachron, Wurst, Bundlie & Carroll, Gerald T. Carroll, Jr., Ganfield & O'Connell,* and *Millett V. O'Connell,* for respondent.

SHERAN, JUSTICE.
Appeal from a judgment of the district court entered pursuant to an order granting plaintiff's motion for summary judgment.

Action was instituted by plaintiff in the municipal court of the city of Hastings seeking restitution of an apartment in the Gardner Hotel located in that city. In the complaint plaintiff alleges that he is entitled to possession of the hotel as lessee of Mary K. Lowe, the owner, and that defendant wrongfully occupies an apartment in it because of his refusal to pay rent. By answer defendant claims to be in possession with permission of Helen A. Patterson, "the real and true owner of the said premises." He alleges that Mary K. Lowe has never been in lawful possession of the realty and that "any title that Mary K. Lowe relies upon was obtained by fraud and collusion and therefore is void; further alleges that any judgment that Mary K. Lowe relies upon for title is based upon said fraud and collusion and * * * that any judgment rendered by any Court which plaintiff relies upon is void for want of jurisdiction in the Court rendering it." Defendant also counterclaims for damage allegedly sustained by reason of plaintiff's claim to possession and concludes his pleading with this demand:

"Defendant further demands that this action be transferred to the District Court for trial of the title to the property as an action in ejectment and that defendant have a jury trial to determine the issues framed."

Plaintiff's reply had as venue the District Court of Dakota County.

Plaintiff then noticed for hearing on December 20, 1963, a motion for summary judgment to be based upon the files, records, and proceedings in Dakota County District Court Civil Case No. 56704, entitled Mary K. Lowe v. Helen A. Patterson, et al., and Dakota County District Court Civil Case No. 59443, entitled Mary Katherine Lowe and John Lowe, her husband, v. Helen A. Patterson; and in addition upon an affidavit averring:

"That an action was commenced in this Court on or about August 25, 1960, entitled Lowe v. Patterson, et al., Civil Case No. 56704 for the purpose of securing a partition sale of premises in the City of Hastings, County of Dakota, part of which premises are the subject matter of this unlawful detainer action; that in said partition action

a sale was ordered, made and confirmed, and, on appeal to the Supreme Court of Minnesota, the order therein confirming the sale was affirmed; that on August 9, 1963, this Court entered its judgment and decree in said partition action and subsequent thereto the referee in partition executed a conveyance of the premises to partition sale purchasers; and that partition sale purchasers subsequently executed their conveyance to Mary K. Lowe and John Lowe, wife and husband; and that subsequent thereto Mary K. Lowe and John Lowe executed a written lease to the plaintiff herein for premises known as the Gardner Hotel, a copy of which lease is attached hereto and made a part hereof.

"That defendant, Alfred M. Joyce, was, as of October 16, 1963, when plaintiff took possession of the said Gardner Hotel occupying a three room apartment designated as Apartment No. 50 in said hotel and that the reasonable value of said apartment is Sixty Dollars ($60.00) per month payable in advance and that the defendant, although he has been billed for the reasonable rent of said apartment refused to pay the same and refuses to move from the premises."

Defendant responded with a motion "for summary judgment of dismissal" and an affidavit which reads in part:

"The present issue before this court occurs upon a motion of plaintiff for summary judgment on the pleadings; and a motion for dismissal by defendant and both motions are submitted by defendant upon this affidavit and all the files, records and proceedings referred to herein and the accompanying memorandum of errors and abuses of discretion of the courts."

The balance of the affidavit consists of an attack upon the orders and judgments of the District Court of Dakota County in the proceedings described in the affidavit filed in support of plaintiff's motion for summary judgment.

The trial court entered these findings of fact:

"1. That the title to the premises described as Lot Eight (8) in Block Three (3) of the Town of Hastings, Dakota County, Minnesota,

is in Mary K. Lowe and that plaintiff is entitled to possession thereof by virtue of a lease from the said Mary K. Lowe;

"2. That the title to said premises had been resolved in another action in this court and is not properly before the Court in this action;

"3. That the defendant is still in possession of the premises described as Apartment No. 50 of the Gardner Hotel located on the premises described in paragraph 1 hereof, and unlawfully retains possession thereof from the plaintiff."

The conclusion of the district judge was that plaintiff was entitled to the relief sought by him and judgment was entered in his favor for possession of the apartment.

In this court defendant argues that the plaintiff failed to establish his right to possession in such a way as to justify summary judgment, 10 Dunnell, Dig. (3 ed.) § 4988b, and urges that the effect of the order of the district court granting summary judgment was to deprive him of his constitutional right to a jury trial.

■ While the statutory action for unlawful detainer depends upon proof of prior actual possession by the plaintiff, O'Neill v. Jones, 72 Minn. 446, 75 N. W. 701; Mastin v. May, 127 Minn. 93, 148 N. W. 893; Ruff v. Schafer, 157 Minn. 485, 196 N. W. 661, the transfer of the action to the district court made the proceedings, in substance and effect, an action in ejectment. Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512.

■ Prior possession by the plaintiff is not essential in ejectment if the plaintiff has legal title to the property with a present right of possession. Norton v. Frederick, 107 Minn. 36, 119 N. W. 492; City of Fergus Falls v. Whitlock, 247 Minn. 347, 77 N. W. (2d) 194; see, 28 C. J. S., Ejectment, §§ 7 to 12; 18 Am. Jur., Ejectment, §§ 20 to 28. Where both parties to an action claim title from the same third person, each is estopped to deny the validity of the title of such third person, and the one having the better title derived from the common source will prevail. See, 28 C. J. S., Ejectment, § 23; 18 Am. Jur., Ejectment, § 33. The plaintiff makes a prima facie case by showing a paper title from a grantor who is admitted by the defendant to have been an owner. Horning v. Sweet, 27 Minn. 277, 6 N. W. 782;

Thompson v. Ellenz, 58 Minn. 301, 59 N. W. 1023; McRoberts v. McArthur, 62 Minn. 310, 64 N. W. 903; Preiner v. Meyer, 67 Minn. 197, 69 N. W. 887.

■ The affidavit of the plaintiff and the files and records of the district court compel the conclusion that as against defendant, plaintiff is entitled to possession of the apartment if the sale of the Helen Patterson interest in partition proceedings was valid. In Lowe v. Patterson, 265 Minn. 42, 120 N. W. (2d) 313, upon appeal by Helen Patterson from the order confirming the sale in partition now challenged by defendant, we affirmed an order of the District Court of Dakota County entered March 23, 1962, confirming this partition sale. Dakota County District Court Civil Case No. 56704. This adjudication binds not only Helen A. Patterson, but also the defendant, whose status depends upon privity with her. Twin City Federal Sav. & Loan Assn. v. Radio Service Laboratories, Inc. 242 Minn. 10, 64 N. W. (2d) 32.

■ A party has no right to a jury trial of a fact issue previously decided and binding on him by principles of res judicata and privity. Cf. Anderson v. Sears, Roebuck & Co. 223 Minn. 1, 26 N. W. (2d) 355. The motion for summary judgment was properly granted. See, Annotation, 95 A. L. R. (2d) 648; Minn. St. 559.07.

Affirmed.