MARY KATHERINE LOWE AND ANOTHER v.
HELEN A. PATTERSON.

135 N. W. (2d) 38.

April 9, 1965—No. 39,341.

2

*Daly & Daly* and *Jerome Daly,* for appellant.

*Diessner, McEachron, Wurst, Bundlie & Carroll, Gerald T. Carroll, Jr., Ganfield & O'Connell,* and *Millett V. O'Connell,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Appeal from a judgment entered pursuant to an order of the district court finding defendant guilty of unlawful detention of property.

Plaintiffs, Mary Katherine Lowe and John Lowe, her husband, as owners of certain real property known as the Gardner Hotel in Hastings, Dakota County, instituted this action in unlawful detainer against Helen A. Patterson, seeking possession of such property which they alleged was unlawfully retained by her. This action was commenced May 23, 1963, in the municipal court of the city of Hastings.

In her answer defendant denied that her possession of the property was unlawful. She alleged that she was its owner; that plaintiffs' claim of ownership was invalid; and that an action was then pending in the District Court of Dakota County wherein these issues were to be determined.

Following interposition of her answer, defendant's counsel filed an affidavit of prejudice against the two judges of the municipal court of Hastings. Subsequently, that court ordered the unlawful detainer action transferred to the District Court of Dakota County and all subsequent proceedings therein were held in that court.

On September 20, 1963, plaintiffs filed an amended complaint wherein they alleged that in a prior action in the District Court of Dakota County brought under Minn. St. 558.01[1] judgment had been entered

---

[1]Minn. St. 558.01 provides: "When two or more persons are interested as joint tenants or as tenants in common, in real property in which one or more of them have an estate of inheritance or for life or for years, an action may be brought by one or more of such persons against the others for a partition thereof * * * or for a sale of such property, or a

on August 9, 1963, directing defendant to deliver possession of the property to the purchasers at the partition sale or to their successors in interest within 48 hours. Mary Katherine Lowe, one of the plaintiffs herein, holds title to the property under a conveyance from such purchasers. In an appeal by defendant to the supreme court from an order in the prior action confirming the sale of the property and from an order denying defendant's motion to set aside the proceedings therein, this court on February 21, 1963, Lowe v. Patterson, 265 Minn. 42, 120 N. W. (2d) 313, had affirmed the orders described and rejected defendant's contention that they had been obtained under a fraudulent and unauthorized stipulation of her former counsel.

In her answer dated September 25, 1963, defendant did not deny that the prior judgment had been entered on August 9, 1963, but alleged that it had been based upon a fraudulent stipulation entered into by her former attorney and was void. As indicated above, this was the same contention that she had made in her appeal to this court in the partition action.

Shortly thereafter plaintiffs moved for summary judgment. This motion was based upon "all of the files, records and proceedings herein *and upon the amended complaint and affidavit attached hereto.*" (Ital-

---

part thereof, if it appears that a partition cannot be had without great prejudice to the owners."

§ 558.17 provides in part: "The sale may be by public auction to the highest bidder for cash, upon published notice in the manner required for the sale of real property on execution."

§ 558.20 provides: "The referees shall report the sale to the court, describing the different parcels sold to each purchaser, and specifying the name of the purchaser, * * *."

§ 558.215 provides: "Any party to any partition proceedings may appeal from any order or interlocutory judgment made and entered pursuant to sections 558.04, 558.07, 558.14, or 558.21, to the supreme court within 30 days after the making and filing of any such order or interlocutory judgment. * * *

"All matters determined by any such order or interlocutory judgment shall be conclusive and binding upon all parties to such proceedings and shall never thereafter be subject to review by the court unless appealed from as provided for herein."

ics supplied.) The affidavit referred to was made by plaintiffs' counsel. Therein he averred:

"* * * that on August 9, 1963 this Court [District Court of Dakota County] entered its judgment and decree in said partition action and subsequent thereto the referee in partition executed a conveyance of the premises to the partition sale purchasers; and that the partition sale purchasers subsequently executed their conveyance to the plaintiffs herein.

"That the judgment and decree of this Court entered in the partition sale [proceedings] of August 9, 1963 directed the defendant Helen A. Patterson to deliver possession of the premises herein concerned to the partition sale purchasers or their successors in interest who are the plaintiffs herein, within forty eight (48) hours * * *."

After a hearing on this motion, the court made findings as follows:

"That the plaintiffs are the owners in fee of the premises described in the * * * amended complaint * * *.

"That the question of title to the premises has been resolved in another action in this Court, and is not properly before the Court in this action.

"That this Court in another action did on August 9, 1963, enter its order directing the defendant to deliver possession of said premises to plaintiffs."

Based upon such findings, the court concluded:

"That there is no genuine issue as to any material fact in this action, and * * * plaintiffs are entitled to judgment as a matter of law, that the defendant is guilty of unlawful detention of the premises described herein, * * *."

Pursuant to such findings and conclusions summary judgment for plaintiffs was entered October 1, 1963. Thereafter, defendant moved to vacate it and the findings and conclusions upon the grounds that (1) the issue as to whether the prior judgment entered was valid was resolved without receiving in evidence the district court file in the action which gave rise to it; and (2) defendant's claim that the stipulation giving rise to it had been fraudulent and unauthorized raised

an issue which required determination by a jury. This motion was denied October 18, 1963, and a writ of restitution then issued was executed by the sheriff of Dakota County on October 26, 1963. In an affidavit made a part of his return therein the sheriff set forth that—

"* * * Room 50 and the room across the hall [of the Gardner Hotel] * * * are occupied by Mr. A. M. Joyce, Mr. Joyce stated to me that without a court order he objected to my inventorying the premises he was occupying."

In the present appeal from the summary judgment defendant asserts the same contentions with respect thereto that were made the basis of her motion to vacate such judgment.

In Leader v. Joyce, 271 Minn. 9, 135 N. W. (2d) 34, filed simultaneously herewith, the record disclosed that on October 16, 1963, Victor Leader took possession of the hotel property as lessee of Mary Katherine Lowe and that at that time A. M. Joyce was occupying a three-room apartment therein known as apartment No. 50 which he refused to surrender to Leader; that thereupon Leader instituted an action against him in unlawful detainer in the municipal court of Hastings; that in his answer therein Joyce alleged that he was in possession of the apartment described with the permission and consent of defendant, Helen A. Patterson, who was "the real and true owner of said premises"; and that any title relied upon by Leader under his lease from Mary Katherine Lowe was void in that the action for partition of such premises upon which she based her title was void for want of jurisdiction.

There, the record further disclosed that after this answer had been interposed the action was transferred to the District Court of Dakota County to be tried as an action in ejectment; and that on motion therein summary judgment for plaintiff was ordered on the basis that a previous judgment rendered by the District Court of Dakota County determined all issues as to title adversely to the defendant. There, on appeal the summary judgment was affirmed, this court stating (271 Minn. 13, 135 N. W. [2d] 37):

"The affidavit of the plaintiff and the files and records of the dis-

6

trict court compel the conclusion that as against defendant, plaintiff is entitled to possession of the apartment if the sale of the Helen Patterson interest in partition proceedings was valid. In Lowe v. Patterson, 265 Minn. 42, 120 N. W. (2d) 313, upon appeal by Helen Patterson from the order confirming the sale in partition now challenged by defendant, we affirmed an order of the District Court of Dakota County entered March 23, 1962, confirming this partition sale. Dakota County District Court Civil Case No. 56704. This adjudication binds not only Helen A. Patterson, but also the defendant, whose status depends upon privity with her. * * *

"A party has no right to a jury trial of a fact issue previously decided and binding on him by principles of res judicata and privity. * * * The motion for summary judgment was properly granted. * * *"

In Lowe v. Patterson, *supra*, referred to in Leader v. Joyce, *supra*, and as indicated therein, we affirmed an order of the District Court of Dakota County entered March 23, 1962, which confirmed sale of the property to Mary Katherine Lowe. There we stated (265 Minn. 44, 120 N. W. [2d] 316):

"Appellant asserts that the stipulation of her counsel agreeing to a partition sale was unauthorized and in violation of the statute of frauds. We hold that under the facts of the case counsel had implied authority to stipulate that a partition sale might proceed and that appellant has ratified this procedure. In our opinion a partition proceeding conveys title by operation of law within the meaning of § 513.04. In the light of appellant's answer praying for a partition, we believe counsel was justified in entering the stipulation complained of, and that it constituted a stipulation of the parties within the meaning of § 558.04. * * *. In any case, she [Helen A. Patterson] has acquiesced in the efforts made to secure a sale of the premises, from August 1960 when the suit was started until March 15, 1962, when she first took the position that the actions of her attorney were unauthorized. Under these circumstances we deem the steps taken by her counsel to be ratified by appellant since the record shows that the referee brought numerous prospects to the premises while ap-

pellant was in possession and that she had actual notice of the sale which the referee was attempting to consummate. We find no abuse of discretion in the court's failure to vacate the stipulation."

Thereafter, on August 9, 1963, in conformity with this court's decision in Lowe v. Patterson, *supra*, and as alleged in the amended complaint herein, the District Court of Dakota County entered its judgment therein directing defendant to deliver possession of the property to the purchasers at the partition sale or to their successors in interest, who are plaintiffs here.

On the basis of Lowe v. Patterson, *supra*, and Leader v. Joyce, *supra*, the summary judgment from which the present appeal is taken must be affirmed. The decisions in those cases determined finally and adversely to defendant all issues raised in the present proceedings with respect to title to the hotel property involved. It may be stated further that in so far as the summary judgment herein is based upon the district court's judicial notice of its prior decision in the partition suit which involved the same parties and same property as the present action and which was based upon an order therein which had been affirmed here (Lowe v. Patterson, *supra*), it is valid. The amended complaint alleged that the judgment of August 9, 1963, had been entered in the District Court of Dakota County and had ordered that defendant deliver possession of the property to the purchasers at the partition sale or to their successors in interest—the plaintiffs— within 48 hours. Likewise, the affidavit of plaintiffs' counsel in support of the motion for summary judgment directed the court's attention to this prior judgment ordering defendant to deliver possession of the premises to plaintiffs herein. Defendant did not deny the prior judgment but contended, as she did in the partition suit, that it had been procured by fraud resulting from the unauthorized execution of a stipulation by her former attorney. Under these facts, the District Court of Dakota County properly took judicial notice of the judgment as well as our affirmation of the order upon which it was based.

It is true that in a number of jurisdictions it has been held that where a prior judgment is pleaded as conclusive on an issue its existence must be proved by *evidence* before it can be held to con-

stitute a bar in a later action. See cases collected in Annotation, 96 A. L. R. 944. In those cases, however, the claim of res judicata had been traversed and there had been no final affirmation of the prior judgment on appeal.[2] In the instant case, where the prior judgment was pleaded and where the answer did not deny its existence but merely asserted its invalidity on the identical grounds that had been previously asserted and rejected here, it would seem unreasonable to require evidence to establish its existence in the same court in which it had been entered and in which the present action was being tried. See, State ex rel. Campbell v. Tahash, 261 Minn. 252, 112 N. W. (2d) 37; Cogburn v. Callier, 213 Ala. 38, 104 So. 328; Doremus v. Root, 23 Wash. 710, 63 P. 572; Aetna Ins. Co. v. Dancer (Tex.) 215 S. W. 962; Morse v. Lewis (4 Cir.) 54 F. (2d) 1027; Bowe-Burke Min. Co. v. Willcuts (D. Minn.) 45 F. (2d) 394; St. Louis-San Francisco R. Co. v. Byrnes (8 Cir.) 24 F. (2d) 66.

Limited to the facts outlined above, we hold that the trial court did not err when it took judicial notice of the judgment of August 9,

---

[2] In Divide Creek Irr. Dist. v. Hollingsworth (10 Cir.) 72 F. (2d) 859, 863, 96 A. L. R. 937, 942, the court stated: "* * * When the Supreme Court of the United States, or other appellate tribunal, can end litigation by an examination of its own records, it is in the interest of justice that it do so. No useful purpose is subserved by remanding the case to enable the parties formally to draw upon the record an indisputable and conclusive fact disclosed by an inspection of its own authentic records. * * *

"The situation is quite different in the trial courts. Their judgments are subject to review, and in order to review them, a record of the proceedings in that case must be made for an appellate court which cannot take notice of the records of every district in its jurisdiction. Moreover, questions of res judicata are often close and disputable, and adversaries ought to be notified of the plea and afforded an opportunity to meet it. In the trial courts, therefore, *a claim of res judicata must be pleaded, and if traversed, proof thereof must be made.* The records are sufficient evidence of their genuineness (Wigmore on Evidence, § 2158), but the material parts of the record of the former proceeding must be offered in evidence, in order that a record may be made upon which a review may be had." (Italics supplied.)

As noted above, these factors were not involved in the present proceedings.

1963, which settled the issues raised by defendant in the present action and which gave support to the order for summary judgment.
Affirmed.