In the Matter of the TRUSTS: created by George A. HORMEL and Designated As Trust Nos. 4, 5 and 6, and of the Trusts created by Jay C. Hormel and Designated as Trusts Nos. 101, 102, 103, 201, 202, 203, 301, 302, and 303.

No. C4-95-1298.

Court of Appeals of Minnesota.

Feb. 6, 1996.

Harold D. Field, Jr., Jane F. Godfrey, Leonard, Street and Deinard, Minneapolis, Jack Kaufmann, Dewey Ballantine, New York, N.Y., for Appellants George A. Hormel, II, Thomas D. Hormel, James C. Hormel, Jamie Renee Hormel, and Rampa Robinson Hormel.

Peter S. Hendrixson, Carol A. Peterson, Dorsey & Whitney P.L.L.P., Minneapolis, Gary E. Leonard, Alderson, Ondov, Leonard & Sween, P.A., Austin, for Respondent The Hormel Foundation.

Considered and decided by LANSING, P.J., and PARKER and RANDALL, JJ.

## OPINION

LANSING, Judge.

The income beneficiaries of twelve trusts assert that the trustee violated its fiduciary duties by failing to diversify the trusts' as-

sets. The district court dismissed the petition and the income beneficiaries appeal. We affirm the dismissal because identical claims were raised and conclusively determined in a previous proceeding for court approval of the trustee's accounting and administration of the trusts.

## FACTS

George Hormel, the founder of George A. Hormel & Co. (GAH & Co.), and his son Jay Hormel created the twelve trusts at issue. He also established the respondent, the Hormel Foundation, a philanthropic organization that serves as trustee. GAH & Co. stock funded both the Foundation and the trusts. The appellant grandchildren of George Hormel are the current income beneficiaries of the trusts. The Foundation is the sole remainder beneficiary of the trusts' principal.

The administration of the trusts has engendered periodic litigation. In 1975 the parties disputed the settlors' intent with respect to the Foundation's stockholdings. The district court held that the settlors intended that the trusts and the Foundation maintain a controlling stock interest in GAH & Co. We subsequently held that this ruling has preclusive effect on the issue of the settlors' intent. *In re Trusts of Hormel*, 504 N.W.2d 505, 510 (Minn.App.1993), *review denied* (Minn. Oct. 19, 1993).

In 1992 the Foundation sought court approval for periodic accountings on the trusts. The beneficiaries objected to the accountings, arguing that the Foundation failed to diversify the trusts' assets adequately. The trusts held approximately 41.7% of GAH & Co. stock. These shares represented almost the entire value of the trusts. The district court found that the Foundation had not violated any of its duties as trustee, but prospectively ordered the Foundation to diversify the trusts' assets.

On appeal, we upheld the district court's determination that the Foundation had prudently managed the trusts and reversed the prospective diversification order. *Id.* at 512. We concluded that no legal justification existed to order changes in the trusts' administration in light of sustainable findings that the

Foundation prudently managed the trusts. *Id.*

Less than one year after the Minnesota Supreme Court denied review of that decision, the income beneficiaries brought this new petition for an order requiring the Foundation to diversify the trusts' assets and imposing a $7.4 million surcharge for breach of fiduciary duties. In the eleven months between the conclusion of that action and the commencement of this one, the trusts retained their holdings of GAH & Co. stock.

The Foundation moved to dismiss the income beneficiaries' petition, requesting either a judgment on the pleadings or summary judgment. The district court held a hearing on the Foundation's motions and ordered judgment on the pleadings against the beneficiaries and summary judgment for the Foundation on its cross-petition for attorneys' fees. The beneficiaries appeal the district court's order for judgment on the pleadings.

### ISSUE

Did the district court err by dismissing the income beneficiaries' petition?

### ANALYSIS

The income beneficiaries appeal the dismissal of their petition for a hearing to address an alleged breach of trust under Minn. Stat. § 501B.16 (1994 & 1995 Supp.). In its counter-petition, the Foundation requested dismissal for failure to state a claim for which relief can be granted under Minn. R.Civ.P. 12.03 or, in the alternative, summary judgment.

Proceedings relating to trusts are governed by statute; the rules of civil procedure apply only if they do not conflict with the statute. Minn.R.Civ.P. 81.01. The district court must conduct a hearing when a section 501B.16 petition is filed. Minn.Stat. § 501B.18 (1994). But this general hearing requirement does not conflict with rule 12.03, governing motions for judgment on the pleadings. In addition, a district court has broad discretion in its ongoing supervision of a trust. *In re Trust of Bailey,* 241 Minn. 143, 151, 62 N.W.2d 829, 834 (1954). The

court acted within its discretion in holding a preliminary hearing to consider dismissal or summary judgment on the income beneficiaries' claims.

The only question on review of a judgment on the pleadings is whether the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner of Pub. Safety,* 298 N.W.2d 29, 32 (Minn.1980). If questions of fact exist, the court should not order judgment on the pleadings. *State ex rel. Minneapolis v. Minneapolis St. Ry.,* 238 Minn. 218, 225–26, 56 N.W.2d 564, 568 (1952).

A court-approved accounting serves as a final judgment on all matters during that accounting period. *In re Trust of Ward,* 360 N.W.2d 650, 653 (Minn.App.1985), *review denied* (Minn. Mar. 29, 1985). All court-approved matters determined in an approved accounting are res judicata. *In re Trust of Warner,* 275 Minn. 174, 181, 145 N.W.2d 542, 546–47 (1966). Prior court approval of an accounting may bar subsequent relitigation under either claim or issue preclusion. *In re Trust of Enger,* 225 Minn. 229, 241, 30 N.W.2d 694, 702 (1948).

A district court may apply the doctrine of res judicata in considering a motion for judgment on the pleadings. *Mitchell v. City of St. Paul,* 228 Minn. 64, 73, 36 N.W.2d 132, 137 (1949). The district court may also take judicial notice of its own prior decisions and the appellate courts' review of those decisions in a subsequent action involving the same parties and the same property. *Lowe v. Patterson,* 271 Minn. 1, 8–9, 135 N.W.2d 38, 42 (1965).

The doctrine of res judicata, or claim preclusion, is designed to prevent the relitigation of causes of action already determined in a prior action. *Beutz v. A.O. Smith Harvestore Prods.,* 431 N.W.2d 528, 531 (Minn.1988). The three components of res judicata are: (1) a final judgment on the merits, (2) a second suit involving the same cause of action, and (3) identical parties or parties in privity. *Youngstown Mines Corp. v. Prout,* 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963); *Minneapolis Auto Parts Co. v. City of Minneapolis,* 739 F.2d 408, 409 (8th

Cir.1984). Two of these three elements are readily satisfied because the court-approved accountings were final judgments on the merits and the Foundation and the beneficiaries are parties in both actions. *Hormel,* 504 N.W.2d at 511.

■ The remaining and determinative element is whether the suits involve the same cause of action. Claims are identical if the same evidence would sustain both actions. *In re MedCenters Health Care, Inc.,* 450 N.W.2d 635, 641 (Minn.App.1990), *review denied* (Minn. Mar. 8, 1990). Res judicata bars both the claims actually litigated and those that could have been litigated in the prior case. *Hauser v. Mealey,* 263 N.W.2d 803, 806 (Minn.1978).

A liberal construction of the beneficiaries' current petition raises four separate claims of the trustee's breach of fiduciary duties: (1) the Foundation failed to diversify the trust portfolio, subjecting the trust to excessive risk; (2) the Foundation failed to carry out the settlors' intent; (3) the Foundation decreased the trusts' value; and (4) the Foundation failed to diversify the trusts' assets, thereby reducing the beneficiaries' income. We analyze each of these claims to determine the identity or lack of identity to the claims in the court-approved accounting.

## I

■ The beneficiaries allege that the Foundation has violated its duties as a trustee because its refusal to diversify the trusts' assets has subjected the trusts to undue risk. The beneficiaries objected to the trusts' extensive holdings of GAH & Co. stock in prior litigation. *Hormel,* 504 N.W.2d at 511–12. The district court determined, and this court affirmed, that the Foundation's decision to retain approximately 41.7% of the stock of GAH & Co. did not violate its fiduciary duties. *Id.* at 512. We held that the Foundation had no obligation to diversify prospectively the trusts' assets. *Id.* The inherent risk of maintaining possession of 41.7% of GAH & Co. stock was raised and conclusively decided in 1993. The beneficiaries acknowledge in their pleadings that composition of the trusts has not changed since then. Because the courts have conclusively determined the beneficiaries' claim, res judicata precludes relitigation.

## II

■ The beneficiaries also claim that the Foundation has violated its fiduciary duties as trustee because its refusal to diversify the trusts' assets violates the settlors' intent. In the previous round of litigation the beneficiaries argued that the Foundation's decision to retain approximately 41.7% of GAH & Co. stock violated the settlors' intent by failing to consider sufficiently the interests of the beneficiaries. We specifically noted that one of the settlors' dominant purposes for creating the trusts was to place ownership and control of GAH & Co. with the trusts and the Foundation. *Hormel,* 504 N.W.2d at 509–510. We affirmed the district court's determination that the Foundation did not breach its fiduciary duties or violate the settlors' intent by retaining 41.7% of GAH & Co. stock. Because the beneficiaries' claim has already been conclusively decided, they may not raise it again in this litigation.

## III

■ The beneficiaries claim that the Foundation's failure to diversify the trusts' assets has impaired the assets' rate of appreciation. The beneficiaries are the income beneficiaries of the trusts and have no direct interest in the trusts' principal. They allege no damages from the rate of appreciation and provide no direct connection between the rate of appreciation and their interests in the trusts' income. Because they have not alleged any damages in their petition, the beneficiaries do not present a claim for which the courts can provide relief.

## IV

■ Finally, the beneficiaries allege that because the Foundation failed to diversify the trusts' assets, the beneficiaries' income is less than the income they could derive from a diversified trust. The Foundation currently invests nearly all the trusts' assets in GAH & Co. stock. The beneficiaries argue that the annual yield on GAH & Co. stock is significantly lower than the yield on a prudently

diversified trust portfolio, which the beneficiaries claim should be six percent annually.

■ The Hormel trusts do not hold a diversified portfolio. This court has specifically approved the undiversified nature of the trusts. *Hormel,* 504 N.W.2d at 512. As a necessary corollary to approving this investment plan, the court approved the level of income yielded by the undiversified trusts. *See Enger,* 225 Minn. at 238–239, 30 N.W.2d at 701 (the matters resolved in a court-approved accounting include all holdings and transactions listed in the accounting). A prior judgment may not preclude subsequent litigation if the facts have changed. But the beneficiaries do not argue that the facts underlying the claim have changed. They merely argue that a hypothetical, diversified portfolio would outperform the trusts' current portfolio.

This claim challenges the Foundation's election to maintain the undiversified trust holdings in general, not the performance of those holdings compared to other undiversified trusts. The beneficiaries presented the same claim to the district court in prior litigation. In affirming the district court's approval of the trusts' accountings, this court specifically considered the beneficiaries' income from the trusts and found no breach of fiduciary duties in the Foundation's management of the trusts. *Hormel,* 504 N.W.2d at 512. Because the courts have determined that maintaining the trusts' undiversified portfolio does not violate the Foundation's fiduciary duties, this claim is barred from relitigation.

Even when liberally construed, the beneficiaries' petition presents no new facts establishing different claims for relief. Under res judicata, their claims are barred as a matter of law. It was within the district court's discretion, in its supervision of the trust, to apply Minn.R.Civ.P. 12.03 to dismiss the pleadings.

**Affirmed.**