*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2076**

In re the Trust Agreement of D. Robert Sykes

**Filed August 10, 2015
Affirmed
Klaphake, Judge**[*]

Hennepin County District Court
File No. 27-TR-CV-13-177

Jason Schellack, Autism Advocacy & Law Center, LLC, Minneapolis, Minnesota (for appellant Robert D. Sykes)

Kevin G. Leiran, Leiran Law Offices, LLC, St. Paul, Minnesota (for respondent D. Robert Sykes)

Marc A. Al, Stoel Rives LLP, Minneapolis, Minnesota (for respondent Judith A. Sykes)

James M. Crist, Megan C. Kelly, Steinhagen & Crist, P.L.L.P., Minneapolis, Minnesota (for respondent First Fiduciary Corporation)

Considered and decided by Stauber, Presiding Judge; Rodenberg, Judge; and Klaphake, Judge.

## U N P U B L I S H E D   O P I N I O N

**KLAPHAKE**, Judge

Appellant Robert D. Sykes appeals the district court's order removing him as trustee of his father's trust, the Trust Agreement of D. Robert Sykes (the trust),

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

appointing First Fiduciary Corporation as successor trustee, declaring void a promissory note issued from the trust to repay himself for personal attorney's fees, and ordering him to repay the trust. Because the district court did not clearly err in its findings or otherwise abuse its discretion in its decisions, we affirm.

## DECISION

A beneficiary may petition the district court to remove a trustee if the beneficiary shows that removal "best serves the interests of all of the beneficiaries, is not inconsistent with a material purpose of the trust," and "the trustee has committed a serious breach of trust." Minn. Stat. § 501B.16(9)(i) (2014). A trustee may not act for personal gain, or derive a personal profit from his management of trust property. *In re Estate of Lee*, 214 Minn. 448, 458, 9 N.W.2d 245, 250 (1943); *Boyum v. Jordan*, 146 Minn. 66, 68-69, 178 N.W. 158, 159 (1920). If the district court finds that a trustee breached a duty to beneficiaries, the district court may remove the trustee and redress the injury. *In re Boss*, 487 N.W.2d 256, 261 (Minn. App. 1992), *review denied* (Minn. Aug. 11, 1992).

We review the decision to remove a trustee for abuse of discretion and the district court's findings for clear error. *In re Pamela Andreas Stisser Grantor Trust*, 818 N.W.2d 495, 507 (Minn. 2012); *In re Will of Gershcow*, 261 N.W.2d 335, 339-40 (Minn. 1977). A finding of fact is clearly erroneous "only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999) (quotation omitted). We will not disturb a district court's finding of fact if there is reasonable evidence in the record to support it. *Id.* We

2

apply a de novo standard of review to a district court's conclusions of law. *Almor Corp. v. Cnty. of Hennepin*, 566 N.W.2d 696, 700 (Minn. 1997).

In 2013, Sykes petitioned the district court for appointment as conservator for his father; the district court found that Sykes's father was incapacitated and granted the petition. Following the conservatorship proceeding, Sykes and his father's wife petitioned the court for reimbursement of attorney's fees from the conservatorship estate, but by agreement, the parties each accepted reduced attorney's fees in the amount of $20,000.

Sykes succeeded his father as trustee of the trust. Sykes's father was the primary beneficiary of the trust, and Sykes and his father's wife were contingent beneficiaries. As trustee, Sykes issued a promissory note to himself from the trust for approximately $35,000, plus interest, to reimburse himself for the remaining balance of his attorney fees that he personally incurred during the conservatorship proceeding. The district court found that the trust was not a party to the conservatorship proceeding and the fees did not benefit the trust.

The district court concluded that the promissory note "was improper and should be declared void" because it "violates the terms of the parties' settlement agreement" with respect to the conservatorship proceeding and "it is an improper use of Trust funds." The district court further concluded that Sykes improperly used trust funds for personal gain by seeking payment of his personal attorney fees. *See Estate of Lee*, 214 Minn. at 458, 9 N.W.2d at 250; *Boyum*, 146 Minn. at 68-69, 178 N.W. at 159. These conclusions are

supported by the district court's findings and the record evidence. Accordingly, the district court did not abuse its discretion by removing Sykes as trustee.

Sykes contends that the district court's findings with respect to the promissory note are clearly erroneous. We disagree. Sykes concedes that the trust was not a party to the conservatorship proceeding, but nevertheless argues that the proceeding benefited the trust by removing an incapacitated trustee and permitting Sykes to replace him. Sykes asserts that trust income increased after his father was removed, thereby benefiting the trust. But the attorney's fees were incurred *before* Sykes became trustee, and any benefit that Sykes would add as trustee was speculative at that time. Accordingly, the district court did not clearly err by finding that the attorney's fees were not expended to benefit the trust.

Sykes further argues that the district court abused its discretion by voiding the promissory note and ordering him to repay the trust. But the district court has authority to "redress a breach of trust," Minn. Stat. § 501B.16(19), and "a district court has broad discretion in its ongoing supervision of a trust." *In re Trusts by Hormel*, 543 N.W.2d 668, 671 (Minn. App. 1996); *see also Boss*, 487 N.W.2d at 261. Because we conclude that the district court did not err by finding that the promissory note did not benefit the trust and it was issued improperly to reimburse Sykes's personal attorney's fees, the district court did not abuse its discretion by declaring the note void and ordering Sykes to repay any funds paid to him based on the note.

Lastly, Sykes argues that the district court abused its discretion by appointing First Fiduciary Corporation (FFC) as successor trustee. We review the decision to appoint a

4

successor trustee for an abuse of discretion. *Wertin v. Wertin*, 217 Minn. 51, 58-59, 13 N.W.2d 749, 753 (1944). "[T]he question as to whether a trustee should or should not be appointed is addressed to the sound discretion of the court, although its power of appointment must not be exercised arbitrarily." *Id.* FFC was appointed to serve as conservator for Sykes's father and petitioned the district court to serve as successor trustee to Sykes. The district court found that FFC was qualified and willing to serve as trustee, and that it was in the best interest of Sykes's father that his conservatorship assets and trust assets be coordinated. Sykes points to several concerns about how FFC might manage the trust assets, but these concerns are merely speculative. Although it is true, as Sykes points out, that the trial court "could have chosen another independent" trustee, we cannot find that the district court's decision was arbitrary or an abuse of discretion. *See Chamberlain v. Chamberlain*, 615 N.W.2d 405, 412 (Minn. App. 2000) (holding that district court did not abuse its discretion even though a "different result is supportable, and we might have reached a different result"), *review denied* (Minn. Oct. 25, 2000).

**Affirmed.**